## UNITED STATES v. TYLER et al.

Circuit Court of Appeals, Fourth Circuit.
July 1, 1929.

No. 2840.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., and Eldon O. Hanson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

L. C. Connally and Frank S. Bright, both of Washington, D. C. (Tyler & England, of Baltimore, Md., on the brief), for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This is an appeal from a verdict and judgment rendered in favor of the administrators of James E. Tyler, deceased, who paid under protest a portion of the federal estate tax assessed against the estate which came into their hands and instituted suit to recover it back as allowed by statute. The portion of the tax disputed is that assessed against the estate because of including in the value thereof property which was held by decedent and his wife as tenants by the entireties, and which upon the death of decedent vested in the wife as sole and exclusive owner. The facts in the case are few and undisputed. In November, 1917, decedent transferred 349 shares of stock in the Kimball-Tyler Company to himself and wife, creating therein under the laws of Maryland an estate by the entireties in their favor. On his death in 1918, his wife became vested under the Maryland law with the sole ownership of the shares of stock. The value of the stock was $59,193.42 and it was included for taxation as a part of the gross estate of decedent, the total of which was $207,454.60. The estate tax was increased by reason of its inclusion in the amount of $3,337.67.

The administrators contended that estates by the entireties were not embraced within the terms of the taxing statute, and also that, if the statute should be construed as embracing them, it would be void as violative of the provisions of the Constitution which require the apportionment of direct taxes (article 1, § 9, cl. 4) and of the due process clause of the Fifth Amendment. The learned District Judge held that the terms of the statute required the inclusion of estates by entireties in the determination of the gross estate for the purposes of taxation, but that in so far as it did this it violated the provisions of the Constitution upon which the administrators relied.

■ We think that the learned judge was correct in holding that estates by the entireties were embraced within the terms of the taxing statute. See Revenue Act of 1916. 39 Stat. 756, 778. Section 201 of that act provided that a tax according to a graduated scale should be imposed upon the transfer of the net estate of every decedent dying after its passage, and that the value of the net estate should be determined as provided in section 203. The latter section provided for the deduction of an exemption of $50,000 and certain other items from the value of the "gross estate." And section 202 provided that the value of the "gross estate" should be determined by including the value at the time of the death of decedent of all property, real or personal, tangible or intangible, (a) to the extent of his interest therein at the time, (b) to the extent of any interest which he had transferred in contemplation of death, and (c) to the extent of the interest held jointly or as tenant by the entireties with another, the exact wording of clause c of section 202 being as follows: "(c) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent."

The administrators rely upon the decision of the Board of Tax Appeals in the Appeal of Susie M. Root, 5 B. T. A. 696, and certain expressions in the opinion of the Court of Claims in Blount v. U. S., 59 Ct. Cl. 328, for the position that, as section 201 of the statute imposes the tax upon transfers of the net estate, and as an estate by entireties is not transferred to the surviving spouse, there was no intention to tax such an estate, and that the language in the statute must be held to be confined to joint tenancies. The answer to this, however, is that in section 201 the tax is imposed upon the transfer of the net estate *as determined under subsequent provisions,* and subsequent provisions require that estates by the entireties be included. The word "entirety" as applied to estates has had for centuries a well understood meaning in the law; and we must assume that Congress employed the language which it did in the light of that meaning. We attach no importance to the fact that the statute uses the language "tenants in the entirety" instead of the customary "tenants by the entirety." The same language appears in the Act of 1921, 42 Stat. 278, and it is worthy of note that it is referred to in the opinion of the Supreme Court in Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 126, 73 L. Ed. ——, as embracing an estate "by the entirety."

While it is true that an estate by entireties is vested in husband and wife at the time of the conveyance to them and that technically there is no transfer to the survivor when one of them dies, nevertheless, as a practical matter, there is a transfer to the survivor of all the rights which the decedent had in the estate, and Congress no doubt had this in mind in requiring estates by entireties to be included with the other property of decedent in determining the taxable value of his estate. Whether the vesting of the entire estate in the survivor be technically a transfer or not, Congress clearly intended that it should be treated as a transfer for the purpose of estate taxation. Joint tenancies and gifts made in contemplation of death were included. Why omit estates under which property could be jointly enjoyed by a man and his wife during their joint lives and, upon the death of one, inure to the sole benefit of the survivor? It is not reasonable to assume that, after being so careful about other matters, Congress would have left open so wide an avenue for evasion of the tax. We feel certain that it has not done so when the language used is given its reasonable interpretation.

■ As the language of the act, therefore, requires that the value of estates by the entireties be included in the valuation of estates for the purpose of taxation, the only question that remains to be decided is whether Congress had the power to make such requirement. We think that it had. No question is raised as to the general power of Congress under the Constitution to levy an estate tax, and none can be raised. Such a tax is not a direct tax requiring apportionment, but falls within the classification of "imposts, duties and excises" which Congress is authorized to levy by section 8, clause 1, of article 1 of that instrument. Scholey v. Rew, 23 Wall. 331, 23 L. Ed. 99; Magoun v. Illinois Trust, etc., Bank, 170 U. S. 283, 287, 18 S. Ct. 594, 42 L. Ed. 1037; Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969; New York Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660; Chase Nat. Bank v. U. S., 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. ——. It is imposed, not on property, but on the privilege of transferring it, and is measured by the value of the interest transferred or which

ceases at death. Y. M. C. A. v. Davis, 264 U. S. 47, 44 S. Ct. 291, 68 L. Ed. 558; Chase Nat. Bank v. U. S., supra.

The statute, in so far as it requires the inclusion of estates by entireties in the valuation of the estates of decedents for purposes of estate taxation, is said to violate the Constitution, because it is contended that in the case of an estate by the entireties there is no transfer to the survivor and consequently no basis for the imposition of an estate tax, and from this it is argued that the tax must be considered as a direct tax upon the property itself. We think, however, that this gives too narrow a meaning to "transfer" and ascribes too much importance to what are pure fictions of the law. It is true that husband and wife are said to be seized of the estate by entireties "per tout et non per my," that is to say, each during their joint lives is deemed seized of the whole estate and not of a moiety thereof; and it is true that, upon the death of one, the survivor is said to take no new interest because originally vested with the entirety. But these doctrines are pure fictions based upon the fiction of the unity of husband and wife. Marburg v. Cole, 49 Md. 402, 33 Am. Rep. 266; Ades v. Caplan, 132 Md. 66, 103 A. 94, L. R. A. 1918D, 276. As a matter of fact, husband and wife are not one person but two persons, and neither has absolute right in or control over the property so long as the other lives. Only upon the death of one does the other acquire absolute ownership with the right to sole and unrestricted use and possession and the right to alien and convey. Whatever form of technical expression be used, therefore, and whatever sophistries indulged, the fact remains that, upon the death of one of the parties, the survivor by operation of law succeeds to the interest which the decedent had in the property. As said by the Court of Appeals of Maryland in Brewer v. Bowersox, 92 Md. 567, 573, 48 A. 1060, 1062, "The right of survivorship, which is one of its chief incidents, cannot be destroyed except by the joint act of the two; and upon the death of either the other *succeeds* to the entire property or fund." (Italics ours.) It is the transfer of interest involved in this "succession" which is the basis of taxation under the statute.

We see no reason why the casting of the entire estate upon the survivor, which takes place by operation of law in case of the death of one of the tenants by entireties, cannot be made the basis of taxation as well as the casting of succession upon the heir, which takes place in the case of intestate succession. The surviving spouse receives an enlargement of his interest in the property in the one case just as the heir receives an interest in the property in the other; and in both cases it comes by operation of law. As stated above, it is no answer to say that because of the unity of husband and wife the survivor has, after the death of the other, what he has always had; for, as we have seen, the interest of the deceased spouse, from a practical standpoint, has been vested by law in the survivor. So long as both are living, neither can convey the property without the joinder of the other. Neither is entitled to use and enjoy it to the exclusion of the other. Neither has any right in it beyond his own life unless he survives the other. If the parties should be divorced, the estate would be dissolved, and neither would succeed to the whole property even if he should survive. Upon the death of one of the parties, however, all of his rights in the property are by operation of law transferred to the other so as to create a sole and unconditional estate therein. To deny that there is a transfer of property in such case resulting from death is to lose the substance of legal rights while grasping at the shadow. What we have said answers the contention that the statutory provision violates the due process clause of the Fifth Amendment. This contention is based upon the theory that the statute, in so far as it includes tenancies by the entireties, measures the tax upon decedent's estate by property which belongs to another. But, as we have seen, the property does not belong to the other in the sense of his having unconditional and sole ownership thereof until the death of decedent.

In the recent case of Chase Nat. Bank v. U. S., supra, the Supreme Court considered whether it was proper to include insurance policies within the taxable estate as required by the statute. The contention was made there, as here, that the interest of the beneficiary had vested prior to the death of insured, and that consequently there was no transfer to be taxed, but the court held that the policies should be included. The question in the case was stated as follows: "It is true, as emphasized by plaintiffs, that the interest of the beneficiaries in the insurance policies effected by decedent 'vested' in them before his death and that the proceeds of the policies came to the beneficiaries not directly from the decedent but from the insurer. But until the moment of death the decedent retained a legal interest in the policies which gave him the power of disposition of them and their proceeds as completely as if he

were himself the beneficiary of them. The precise question presented is whether the termination at death of that power and the consequent passing to the designated beneficiaries of all rights under the policies freed of the possibility of its exercise may be the legitimate subject of a transfer tax, as is true of the termination by death of any of the other legal incidents of property through which its use or economic enjoyment may be controlled."

And, answering the question thus propounded, the court said: "Termination of the power of control at the time of death inures to the benefit of him who owns the property subject to the power and thus brings about, at death, the completion of that shifting of the economic benefits of property which is the real subject of the tax, just as effectively as would its exercise, which latter may be subjected to a privilege tax."

There can be no question in this case that we have the termination of the power of decedent over the property, and that this inures to the benefit of the surviving spouse, whose ownership prior to the death of decedent was subject to the rights of decedent therein. And there can be no question, also, that we have a "shifting of the economic benefits of property which is the real subject of the tax." As said in Nichols v. Coolidge, 274 U. S. 531, 541, 47 S. Ct. 710, 713 (71 L. Ed. 1184, 52 A. L. R. 1081): "Taxes are very real things and statutes imposing them are estimated by practical results."

We have carefully considered the cases which have reached a different conclusion, but, with great respect to the tribunals which rendered them, we do not think that they are sound. We have likewise considered the District Court cases relating to the validity of the statute requiring that the value of the widow's dower be included in the value of the estate for the purpose of taxation. Without passing upon that question, which is not before us, it is worthy of note that the Circuit Court of Appeals of the Eighth Circuit has decided that the value of dower allotted under the Nebraska statute should be included in the valuation of the estate. Allen, Collector, v. Henggeler, 32 F.(2d) 69.

For the reasons stated, we think that the learned judge below erred in holding that the provision of the statute in question was violative of the Constitution. The judgment in favor of the administrators will accordingly be reversed, and the case will be remanded for further proceedings not inconsistent with this opinion.

Reversed.