## PHILLIPS v. KRAKOWER.
### No. 3047.

Circuit Court of Appeals, Fourth Circuit.
Jan. 13, 1931.

Sidney A. Needle, of Baltimore, Md. (William T. Tippett, Jr., of Baltimore, Md., on the brief), for appellant.

Raphael Walter, of Baltimore, Md. (Sykes, Nyburg, Goldman & Walter, of Baltimore, Md., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order suspending the discharge in bankruptcy of one Samuel Phillips until one of his creditors, Mrs. Sarah Krakower, shall have had opportunity to obtain judgment on a note executed by Phillips and wife and enforce same against property held by them as tenants by the entireties.

Phillips was adjudged bankrupt on January 9, 1930. At the time of the adjudication he and his wife owned, as tenants by the entireties, certain property in the city of Baltimore. Mrs. Krakower held a note against them for the sum of $5,500, which had not been reduced to judgment; and, on February 21st, she filed with the court of bankruptcy a petition praying that the discharge of Phillips be deferred to enable her to secure judgment on the note and subject to its satisfaction the property held by the entireties. An order to this effect was duly entered, and from this order Phillips has appealed.

The estate by entireties in Maryland has all of its common-law incidents. It belongs to husband and wife, not as joint tenants, or as tenants in common, but by the entirety, per tout et non per my. Marburg v. Cole, 49 Md. 402, 33 Am. Rep. 266. Neither spouse can dispose of any part of it without the consent of the other; and neither has such an interest in it as can be subjected to the lien of a judgment for his debts or as can be levied upon and sold under legal process against him. Jordan v. Reynolds, 105 Md. 288, 66 A. 37, 9 L. R. A. (N. S.) 1026, 121 Am. St. Rep. 578, 12 Ann. Cas. 51; Frey v. McGaw, 127 Md. 23, 95 A. 960, L. R. A. 1916D, 113; Ades v. Caplin, 132 Md. 66, 103 A. 94, L. R. A. 1918D, 276; U. S. v. Tyler (C. C. A. 4th) 33 F.(2d) 724. And, in case of bankruptcy, the interest of the bankrupt in such an estate does not pass to his trustee for the benefit of creditors. Dioguardi v. Curran (C. C. A. 4th) 35 F.(2d) 431; Cullom v. Kearns (C. C. A. 4th) 8 F.(2d) 437, 47 A. L. R. 432. Where, however, husband and wife execute a joint note, the estate by entireties can be subjected to judgment thereon obtained against both of them. Frey v. McGaw, supra. But if the liability on the note of one of the spouses be discharged in bankruptcy, a judgment on the note against the other cannot be collected out of the property during the lifetime of the first. Ades v. Caplin, supra.

The note held by Mrs. Krakower, therefore, is one upon which she is entitled to judgment which she can enforce against the property held by entireties. The discharge of Phillips in bankruptcy not only will prevent judgment being obtained against him on the note, but will prevent also, during his lifetime, the property held by entireties being subjected to the satisfaction of any judgment which may be obtained against his wife. And so, although the bankruptcy proceeding has brought no interest in the estate by entireties into court for the benefit of the creditors of Phillips, his discharge in bankruptcy will remove that entire property beyond the reach of creditors entitled to subject it to their claims. The question presented is whether, without giving these creditors an opportunity to proceed, the court should grant the discharge knowing that it will result in a legal fraud, i. e. the effectual withdrawing of the property from the reach of those entitled to subject it to their claims, for the beneficial ownership and possession of those who created the claims against it. We cannot conceive that any court would lend its aid to the accomplishment of a result so shocking to the conscience.

The purpose of the bankruptcy act was to equitably distribute the assets of distressed debtors among their creditors and to discharge them from further liability after this had been done. It was never contemplated that it should be used to perpetrate fraud or to shield assets from creditors. It is elementary that a bankrupt is not entitled to a discharge unless and until he has honestly surrendered his assets for the benefit of creditors; and he certainly is not in position to ask a court of bankruptcy, which is a court

of equity, to grant him a discharge under the statute, when the effect of the discharge will be to withdraw from the reach of creditors property properly applicable to the satisfaction of their claims. Appellant complains of the delay which will result in the granting of his discharge, if same is postponed until the property held by the entireties can be subjected to the claims of those entitled to proceed against it, and says that a right granted by statute should not be thus denied him. But the doing of justice is of more importance than haste.

There is ample authority for the proposition that where property is not reachable through bankruptcy, but can be reached by a creditor under state laws, the court of bankruptcy should delay granting a discharge to the bankrupt to enable the creditor to proceed thereunder in the state courts. Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 754, 47 L. Ed. 1061; Duffy v. Tegeler (C. C. A. 8th) 19 F.(2d) 305; In re Watson (D. C.) 201 F. 962; B. F. Roden Grocery Co. v. Bacon (C. C. A. 5th) 133 F. 515; Ingram v. Wilson (C. C. A. 8th) 125 F. 913; In re Wells (D. C.) 105 F. 762.

In Lockwood v. Exchange Bank, supra, the facts were that a bankrupt had executed a note waiving his homestead exemption in favor of the payee. The Supreme Court held that the property covered by the exemption remained in the bankrupt and did not pass to the trustee to be administered in the bankruptcy proceedings. It was property, therefore, which was reachable by the creditor in the state courts, but, as here, the right of the creditor to subject it to his claim would be lost if the bankrupt were granted a discharge and his debt thereby extinguished. In this situation, it was held that the court of bankruptcy should defer the granting of the discharge for a reasonable length of time to allow the creditor opportunity to subject the property to the satisfaction of his claim. The court, speaking through Mr. Justice White, said:

"The rights of creditors having no lien, as in the case at bar, but having a remedy under the state law against the exempt property, may be protected by the court of bankruptcy, since, certainly, there would exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor in the case at bar, an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor."

There is no difference in principle between that case and the case at bar. In both there was property which did not pass to the trustee, but was reachable by the creditor under the laws of the state. In both a discharge of the bankrupt would have precluded a proceeding to subject the property to the satisfaction of the debt. And in both a stay of the discharge was asked in order that the property might be subjected to the claims of the creditor. Counsel for Phillips attempt to draw a distinction in that the bankrupt in the Lockwood case had signed a waiver expressly consenting that the homestead property be subjected to the debt; but in the case at bar bankrupt, by signing the note with his wife, gave his consent to the subjection of the property held by entireties to its satisfaction. The basis upon which relief is granted in either case, however, is, not that the bankrupt has consented that property be subjected to the claim of the creditor, but that an equity exists in favor of the creditor because he is entitled to subject property to the satisfaction of his claim and this right will be extinguished by the granting of the discharge.

There was no error, and the order appealed from will be affirmed.

Affirmed.