**In the Matter of Denzil Hite KLINE, Bankrupt.**

**No. 71–BK–47–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Nov. 29, 1973.

---

153

Roy B. Zimmerman, Alexandria, Va., for Mr. Kline, Bankrupt.

## OPINION AND ORDER

TURK, Chief Judge.

This case is before the court on a petition for review filed by petitioner, Denzil H. Kline, from an order entered by the Referee in Bankruptcy on September 7, 1973. Jurisdiction is pursuant to § 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c).

Petitioner filed a voluntary petition in bankruptcy in this court on March 1, 1971. No objections to discharge were filed, and on June 25, 1971, an order was entered granting the bankrupt a discharge. Further examination of the bankrupt was held on July 14, 1971; a final meeting of the creditors was held on November 29, 1972; and on January 11, 1973, an order of distribution was entered. Petitioner's file was finally closed on June 26, 1973.

Meanwhile, on December 5, 1972, petitioner's wife, Lillian Kline, had filed a bankruptcy petition in this court. She received her discharge on February 15, 1972, and her bankruptcy is still pending. Both petitioner and his wife listed in their respective bankruptcy petitions certain real estate known as 201 Orchard Street, Strasburg, Virginia and indicated that this property was held by them as tenants by the entirety. The petitions showed that this property was subject to two deeds of trust but contained an equity of approximately $6,000.00.

The order of the Bankruptcy Judge, which petitioner has challenged, reopened his bankruptcy and consolidated it with the still pending bankruptcy of his wife. This order directed the common trustee for Mr. and Mrs. Kline to proceed to sell the real estate held by them as tenants by the entirety in which there was an equity for the benefit of general creditors. In certifying the petition of Denzil Kline for review of this order, the Referee stated that the case of Reid v. Richardson, 304 F.2d 351 (4th Cir. 1962), had been brought to his attention and that he was of the opinion that the instant case came clearly within that decision. The Referee's order was on his own motion and without notice or hearing. In the *Reid* case, the Fourth Circuit had upheld the re-opening of a closed bankruptcy in a factually similar context to the case at bar.

It is clear that had the Referee in Bankruptcy not re-opened Mr. Kline's case and consolidated it with that of his wife the equity existing in the property held by the entirety would have escaped the claims of the creditors of petitioner and his wife. Under Vir-

ginia law, an interest in a tenancy by the entirety cannot be transferred by either the husband or wife acting alone; nor can the individual creditors of either party reach the property; but the property is liable for the joint debts of both spouses. Vasilion v. Vasilion, 192 Va. 735, 66 S.E.2d 599 (1951). In this case, there are joint claims against Mr. and Mrs. Kline well in excess of their equity interest in the entirety property, but since the property is not subject to transfer by either spouse acting alone, it did not pass to the trustee of either of their bankruptcy estates. 11 U.S.C. § 110(a)(5). When petitioner was discharged in bankruptcy, he was relieved of all of his provable debts (with certain exceptions not relevant to this case), 11 U.S.C. § 35, as amended, thus precluding a later judgment from being obtained against petitioner and his wife on their joint indebtedness. It was this result which the Bankruptcy Referee sought to prevent by re-opening petitioner's case.

 Whether or not the *Reid* case is in fact controlling authority in support of the Referee's order is an issue that need not be reached on this petition for review for the court is of the opinion that the Referee exceeded his authority in this instance. The correct procedure for re-opening a closed bankruptcy is for application to be made to the Judge of the District Court, not to the Referee in Bankruptcy.[1] In re Lowerree, 157 F.2d 831, 834 (2d Cir. 1946); Heywood-Wakefield Co. v. Small, 96 F.2d 496 (1st Cir.), cert. dismissed, 305 U.S. 663, 59 S.Ct. 54, 83 L.Ed. 430 (1938); 1 Collier Bankruptcy Manual § 2.51 (1968). The rule and its rationale were stated in Heywood-Wakefield Co. v. Small, supra, 96 F.2d at 502 as follows:

"We think it is clear that the re-opening of a closed case in bankruptcy rests in the sound judicial discretion of the District Judge and an application for that purpose should be made

to him and not to the referee to whom the case was originally referred; that the latter's authority under the original order of reference ceased after he made his report and the case was closed; and that if the District Judge orders the case re-opened, he should also enter an order re-referring the case to a referee, who should call a new meeting of the creditors for the appointment of a new trustee."

Inasmuch as no petition has been made to this court to re-open Mr. Kline's bankruptcy and the Referee in Bankruptcy was without authority to do so, this case is hereby remanded to the Referee with directions to vacate his order of September 7, 1973. Nothing herein is to be taken as precluding a petition to re-open Mr. Kline's bankruptcy from being made to this court in accordance with appropriate procedures.

---

1. It is noteworthy that in the District Court opinion in the *Reid* case, Judge Michie noted that the Referee had declined to re-open the case in part because the petition directed to

the Referee should have been addressed to the District Judge. In Re Reid, 198 F. Supp. 689, 690 (W.D.Va.1961).