In re Monroe THACKER, Jr., Debtor.

Stephen G. BASS, Trustee, Plaintiff,

v.

Monroe THACKER, Jr. and Deborah E. Thacker, Defendants.

In re Winfree Woodrow SCOTT, Debtor.

Sherwood S. DAY, Trustee, Plaintiff,

v.

Winfree Woodrow SCOTT, Mrs. Winfree Woodrow Scott, Defendant.

Bankruptcy Nos. 679–00394–D, 679–00410–L.

Adv. Nos. 680–0009, 679–0010.

United States Bankruptcy Court, W. D. Virginia, Danville Division.

Aug. 8, 1980.

Stephen G. Bass, trustee, Danville, Va., plaintiff.

Samuel A. Kushner, Jr., Kushner & Kushner, Danville, Va., for defendants Thacker.

Sherwood S. Day, trustee Lynchburg, Va., plaintiff.

William S. Mundy, III, Madison Heights, Va., for defendant Scott.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The facts and issues being essentially the same in each of the foregoing cases, the Court enters this joint opinion.

Each of the above cases arises upon complaints by the Trustee to lift the stay to sell real estate. In each case, the real estate in question is owned by the Debtor and his wife as tenants by the entireties. The wives are not debtors in these Bankruptcy proceedings.

The Debtors claimed an exemption for the property in their schedules; in *Scott*, the schedule was properly amended to include the exemption subsequent to the filing of the complaint. No homestead deed has been filed for the property in either proceeding.

The issue is whether or not the interest of one tenant in an entirety estate, who is a debtor upon a voluntary petition filed under Chapter 7 of the Bankruptcy Reform Act of 1978 (Code), vests in the bankrupt's estate for administration by the trustee where the state has sought to exclude itself from the exemptions of 11 U.S.C. § 522.

11 U.S.C. § 541 of the Code states in part: "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such an estate is comprised of all the following property, wherever located: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case."

Under Section 70a of the *Bankruptcy Act* of 1898 exempt property did not vest in the bankruptcy estate as an asset to be administered by the trustee, conversely, if property was held to vest in the estate, it therefore was not exempt. However, under the Code, all of the Debtor's property vests in the estate subject to the exempt property

being thereafter excluded by the debtor claiming the exemptions in the debtor's schedule. Therefore, under prior law the debtor did not need to claim exempt property from the estate, under present law the debtor must affirmatively do so. As stated in 4 *Collier on Bankruptcy*, ¶ 541.02 (15th ed. 1979):

> "Paragraph (1) [of § 541] has the effect of overruling *Lockwood v. Exchange Bank* in that it includes as property of the estate all property of the debtor, even that necessary for a fresh start. The result is that all interests of the debtor in property as of the commencement of the case become property of the estate, including any such interests of the debtor in exempt property. Once such property comes into the estate the debtor is then permitted to exempt it as well as other property of the estate under section 522 which provides in subsection (b) that "Notwithstanding section 541 of this title, an individual debtor *may* exempt from property of the estate either . . ." (emphasis added). It would appear under section 522(b) that an individual debtor must claim the exemption in order to have it be effective. Otherwise, the exempt property will remain property of the estate. The court has jurisdiction to make the determination as to what property may be exempted and what will remain property of the estate."

Thus the change from prior law is largely a procedural one, with the only substantive change being that under the Code the Debtor must affirmatively claim the exemption before it can be allowed. Under prior law the exempt property never vested in the estate and hence, the debtor had no duty to claim his exemption. The Trustee never received the property in the first place except for the sole purpose of setting the exemption apart to a debtor.

 The Debtors in these proceedings claim their exemptions under § 522(b)(2)(B) of the Code. The Trustees contend, however, that § 522 does not apply to residents of Virginia. This contention is based upon Virginia's "opting out" statute, Virginia Code § 34–3.1, which states:

> "§ 34–3.1. Property specified in Bankruptcy Reform Act not exempt.–No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except as may otherwise be expressly permitted under this title. (1979, c. 692)"

The Trustee's contention is without merit, for the reasons hereafter stated. First, the "opting out" statute is clearly limited by its language to excluding only the federal exemptions specified in § 522(d). Second, the authority for the "opting out" statute, 11 U.S.C. § 522(b)(1), does not give the states the power to "opt out" of § 522 in its entirety, but allows "opting out" only with respect to the federal exemptions. Finally, if § 522 does not apply in Virginia, then no exemptions, including the Homestead Exemption, are available to Debtors in this State, since the only authority for such exemptions is found in § 522(b)(2)(A). There is nothing in the "opting out" statute which would indicate that the Legislature intended such a result. We therefore must conclude that the Legislature of Virginia intended to exclude 11 U.S.C. § 522(b)(2) under the assumption that such exclusion would, in effect, reinstate exemptions available to Virginia debtors prior to enactment of 11 U.S.C. § 522.

If the Debtors' interest in entireties property is exempt, it must be by virtue of § 522(b)(2), which provides:

> "(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either–. . .
>
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is *exempt from process* under applicable nonbankruptcy law." (emphasis added)

The primary question is therefore whether entireties property is "exempt from process" against the debtor under Virginia law. It is well settled in Virginia that entireties property is immune from the claims of creditors of one of the spouses alone. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951). Such property has been held under § 70(a)(5) of the prior Bankruptcy Act to be excluded from the Bankruptcy estate on the grounds that such property cannot be transferred by the debtor and is immune from levy and sale under judicial process. *Reid v. Richardson*, 304 F.2d 351 (4th Cir. 1962); *In Re Saunders*, 365 F.Supp. 1351 (W.D.Va. 1973); *In Re Kline*, 370 F.Supp. 152 (W.D. Va.1973).

There is nothing in the Legislative History of § 522 which would indicate that Congress intended to change prior law in this regard. Indeed, it is difficult to see how this section can be given effect other than by holding that Congress intended to exempt entireties property in states which apply the Virginia rule. It makes little sense to suggest that Congress intended, without explicitly stating so, to curtail these exemptions which had been previously allowed under the Act, especially since an examination of § 522 as a whole indicates an intent to liberalize the granting of exemptions to debtors.

■ The Code exempts entireties property when it is "exempt from process" under State law. The Virginia cases speak of such property as being "immune" from execution by the creditors of one spouse. We must look to substance and not to form. It must be remembered that Congress, in enacting § 522(b)(2)(B), was not addressing Virginia specifically, but rather was speaking to all of the states. While some states may characterize the exemption as "immu-

nity" and others as "exemption from process", the ultimate effect is the same to exempt portions of a debtor's property from creditors.

In Virginia, as in many other states, the interest of one spouse in entireties property is not subject to execution by the creditors of that spouse only. This is obviously what Congress intended to exempt, and slight differences in terminology should not be allowed to obscure the underlying intent. Therefore, the entireties interests of the Debtors in the instant case are exempt under § 522(b)(2)(B).

Courts, in their construction of statutes which contain vague and uncertain language must search out the true intent of the enacting body in order to give to the statutes the effect compatible with the interests dealt with. In the case of entireties property we are here dealing with vested rights of parties in property which have been handed down for generations as a part of the common law with all its rights and privileges. It would not be appropriate nor, indeed desirable to engage in technicalities or vacillate as to uncertain language in a manner that would defeat those rights, and in effect attribute to the legislative bodies of the Congress and the State Legislature an intent, as well as a result, which would be undesirable and unintended. A construction other than granting the entirety rights to the Debtors in these cases would in the view of the court be a distortion of the intent of these legislative bodies.

■ The Trustees contend that the exemptions should not be allowed because the Debtors have not filed homestead deeds on the property. After examination of the homestead provisions of the Virginia Code, it is concluded that filing is not necessary to preserve the exemption.

Title 34 of the *Code of Virginia*, dealing with homestead exemptions, contains no reference to tenancies by the entireties. Section 34–8, which provides for partition of jointly held homestead property, explicitly applies to property where the claimant is a "joint tenant, coparcener or tenant in

common", and conspicuously omits any reference to tenants by the entireties.

The homestead is a statutory creation designed to prevent the poor debtor from being totally impoverished. The entireties exemption is a creature of the common law, dates back to the fifteenth century, and is based on the concept that a husband and wife are one "person", distinct from its separate parts. Holdsworth, *History of English Law*, Vol. 3, ¶ 126 (1922).

Note also that none of the restrictions applied to homesteads have ever been applied to the entireties exemption. All entireties property is exempt in Virginia, with no dollar limitation. Nor has it ever been held that one must be a "householder" to claim the entireties exemption. The inescapable conclusion is that the homestead provisions, including the requirement of filing a homestead deed, do not apply in any way to exemptions claimed for a tenancy by the entirety.

The only requirement found in the *Bankruptcy Reform Act* of 1978 dealing with perfecting exemptions is found in § 522(*l*), which reads in part: "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section." In the cases at bar, both debtors have claimed the properties as exempt in their schedules. The amendment of the schedules in the *Scott* case is allowed under Rule 110. Therefore, the exemptions in both cases must be allowed, and the complaints dismissed. An order will accordingly be so entered.