**In re Irving Chase MENEFEE f/d/b/a The Shoe Sport, Debtor.**

**STERN SHOE REPAIR COMPANY, INC., Plaintiff,**

v.

**Irving Chase MENEFEE, Defendant.**

Bankruptcy No. 82–00186–A.

Adv. No. 82–0127–A.

United States Bankruptcy Court, E. D. Virginia, Alexandria Division.

Aug. 13, 1982.

Robert G. Mayer, Rees, Broome & Diaz, P. C., Vienna, Va., for debtor.

Jerome P. Friedlander, II, Friedlander, Friedlander & Brooks, P. C., Arlington, Va., for plaintiff.

Gerald M. O'Donnell, Alexandria, Va., trustee in bankruptcy.

### MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

This cause came before the Court on May 26, 1982 at a hearing on the Complaint of

Stern Shoe Repair Company, Inc. The issue to be determined is whether Stern Shoe Repair Company, Inc. ("Stern") should be granted relief from the automatic stay of Section 362 of the Bankruptcy Code in this Chapter 13 proceeding. The automatic stay provision of Section 362 arrests all collection procedures against a debtor, including other judicial proceedings, unless the Bankruptcy Court grants the creditor relief from the automatic stay. 11 U.S.C. § 362(d).

Stern seeks relief from this Court so that it may obtain a joint judgment against the debtor and his wife (who has not filed a petition for relief under Title 11), and, subsequently, docket said judgment in order to obtain a lien against the residence to which the debtor and his wife hold title as tenants by the entirety.

■ In Virginia, the interest of one spouse in tenants by the entirety property is not subject to execution by the creditor of that one spouse only. *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599 (1951). Creditors holding joint debts, however, may subject entireties property to satisfy their claims and can obtain relief to enforce such a joint debt when one of the spouses seeks relief in a Chapter 7 liquidation. *Phillips v. Krakower,* 46 F.2d 764 (4th Cir. 1931).

Enactment of the Bankruptcy Reform Act of 1978 effected no change in the availability of this relief for creditors in Chapter 7 cases. *In re Ford,* 3 B.R. 559 (Bkrtcy.D. Md.1980). The instant case, however, appears to be one of first impression, raising as it does the question of whether *Krakower* is controlling when a debtor files a wage earner plan under Chapter 13.

The parties have stipulated to the following facts. Prior to the filing of the petition herein, Stern was proceeding against the debtor and his wife in the Virginia courts seeking a judgment for $4,601.63, plus interest upon a commercial open account of a retail business operated by Mr. and Mrs. Menefee. The petition filed by the debtor stayed these proceedings as to him. Stern continued the action as to Mrs. Menefee only and, on April 7, 1982, obtained a default judgment against her.

The filing of a petition in bankruptcy by one spouse and the subsequent granting of a discharge to that spouse has the effect of transforming what was once a joint debt into a debt of the non-bankrupt spouse only. This sequence—the initial stay followed by discharge of one spouse—employs the provisions of the Bankruptcy Code to deprive joint creditors of rights they otherwise would enjoy under state law, in that when the debtor spouse receives a discharge in bankruptcy the formerly joint debt is forever extinguished as to that spouse and the right of the creditor to enforce the debt by obtaining a lien on entireties property is lost irretrievably.

This is exactly the result which the *Krakower* decision is intended to prevent. "[A]n equity exists in favor of the creditor because he is entitled to subject property to the satisfaction of his claim and this right will be extinguished by the granting of the discharge." *Phillips v. Krakower, supra,* at 766.

These same policy considerations continue to formulate decisions in this Circuit. A recent Fourth Circuit case involved a creditor who held a pre-bankruptcy judicial lien on tenants by the entirety property of joint debtors. When the debtors attempted to exempt the entireties property from their bankruptcy estates over the objections of the creditor, the Fourth Circuit refused to approve the exemption and upheld the creditor's right to enforce its state law remedy against the property. *Ragsdale v. Genesco, Inc.,* 674 F.2d 277 (4th Cir. 1982). [A Virginia Bankruptcy Court permitted the exemption where the debt was a debt of only the one spouse who had filed bankruptcy. See, *Bass v. Thacker,* 5 B.R. 592 (Bkrtcy.W. D.Va.1980).]

■ Accordingly, for the reasons stated above, the Court grants Stern relief from the automatic stay of Section 362 to enable it to obtain a lien on real estate held by the debtor and his wife as tenants by the entirety. Should the Court confirm the debtor's wage-earner plan, however, Stern is enjoined from foreclosing or otherwise en-

forcing said lien during the life of said plan, in accordance with the tender of forbearance proffered by Stern to the Court.