**In re Gordon Claudy McQUAIGE, Debtor.**

**The UNITED STATES of America Through its agency, the SMALL BUSINESS ADMINISTRATION, Plaintiff,**

**v.**

**Gordon Claudy McQUAIGE and Melvin Paul, Trustee, Defendants.**

**Bankruptcy No. 81–2–0800–L.
Adv. No. 82–1388B.**

United States Bankruptcy Court,
D. Maryland.

March 30, 1984.

Michael J. Dausch, III, Acting Dist. Counsel, Baltimore, Md., for Small Business Admin.

Marc R. Kivitz, Baltimore, Md., for debtor.

Melvin Paul, Baltimore, Md., for Trustee.

ORDER DENYING MOTION TO DISMISS AND GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

JAMES F. SCHNEIDER, Bankruptcy Judge.

Finding that the plaintiff is not barred by *res judicata* and that the lifting of the automatic stay will not impair the debtor's exemptions, the stay will be lifted.

*Findings Of Fact*

1. The debtor filed a voluntary petition in bankruptcy under Chapter 13 on March 24, 1981.

2. The Small Business Administration ["S.B.A."], possesses a joint, unsecured claim against the debtor and his non-petitioning wife. The claim is for the deficiency on the foreclosure sale of the business personalty which originally secured the S.B.A.'s $35,000.00 loan to the debtor and his wife. The deficiency was approximately $24,090.00 on the date of the sale, September 3, 1982.

3. The debtor and his wife own real property as tenants by the entireties.

4. The debtor has claimed his interest in the entireties property as exempt under the laws of the State of Maryland and 11 U.S.C. § 522(b)(2)(B) (1982).

5. This adversary proceeding is the third the S.B.A. has brought against the debtor.

6. The S.B.A. argued in its first adversary, No. 82–0230, that, as a joint, undersecured creditor, it should be allowed to obtain a judgment in the United States District Court against the debtor and his wife under the doctrine of *Phillips v. Krakower*, 46 F.2d 764 (4th Cir.1931). The S.B.A. argued in Adversary No. 82–0230 that it would be irreparably harmed and the debtor unjustly enriched if the debtor's debt to the S.B.A. were discharged, if his interest in the entireties property were exempted from the bankruptcy estate and if the S.B.A. were left after the debtor's discharge with an individual claim against the debtor's non-filing wife which could not be asserted against the entireties property pursuant to 11 U.S.C. §§ 522(c), 524 (1982).

7. At the time Adversary No. 82–0230 was filed and at the time the adversary was decided on April 22, 1982, the debtor's Chapter 13 plan which provided for payment in full of the S.B.A.'s loan was before the Court. In his answer to the complaint in Adversary No. 82–0230, the debtor argued that even if it was undersecured, the S.B.A. was adequately protected by the plan's provision for payment in full.

8. This Court denied the relief sought in Adversary No. 82–0230 by an oral ruling at the conclusion of the hearing on April 22, 1982, and by an Order entered on May 9, 1982.

9. The S.B.A. filed a second adversary, No. 82–1086B, on July 12, 1982. The S.B.A. sought the lifting of the automatic stay imposed by 11 U.S.C. § 362(a) in Adversary 82–1086B in order that it might sell the business personalty securing its loan. The debtor consented to the relief and the stay was modified by an Order dated August 12, 1982.

10. The personalty was sold at auction on September 3, 1982. The net sales proceeds of $2,789.87 were applied to the outstanding loan balance, resulting in a deficiency of approximately $24,090.00.

11. The debtor's bankruptcy case was converted to Chapter 7 on the debtor's motion on August 23, 1982, eleven days after the stay was modified.

12. The present adversary was filed on September 10, 1982. The S.B.A. renewed the *Phillips* argument it asserted in Adversary No. 82–0230.

13. The debtor moved to dismiss the complaint, claiming that the relief sought by the S.B.A. is barred by *res judicata* by reason of the S.B.A.'s unsuccessful attempt to lift the stay in Adversary No. 82–0230. The debtor also argued that the complaint failed to state a cause of action, Federal Rule of Civil Procedure 12(b)(6), and that lifting the stay would impair his exemption of the entireties property.

14. The motion to dismiss was heard on April 14, 1983, and was held *sub curia* while this Court considered several cases interpreting and applying tenancy by the entireties law.

15. The Chapter 7 trustee filed a report of no distribution on June 20, 1983.

16. The debtor was discharged by Order dated June 13, 1983.

*Conclusions Of Law*

1. The motion to dismiss will be denied. Because resolving the motion to dismiss requires that this Court decide the merits of this proceeding, this Court will treat this

matter as if cross motions for summary judgment had been filed.

2. There is no genuine issue as to any material fact and the S.B.A. is entitled to a judgment as a matter of law. Summary judgment will be issued for the S.B.A.

3. The S.B.A. is not barred by *res judicata.* At the time relief was denied in Adversary No. 82–0230, the debtor was subject to the requirement of Chapter 13 that he propose in good faith a plan which would repay his debts from future income. The debtor had actually proposed a plan which provided for repayment of his debt to the S.B.A. in full. The plan was before the Court. Since the relief was denied in Adversary No. 82–0230, this case has been converted to a no-asset case under Chapter 7. Unless relief is granted in this adversary proceeding, the S.B.A. will receive no payment on its debt beyond that from the foreclosure sale on September 3, 1982. The prospects and circumstances of the S.B.A. having changed so dramatically, its cause of action may be renewed and the application of *res judicata* is inappropriate here.

4. The S.B.A.'s complaint states a cause of action based upon *Phillips v. Krakower,* supra, which is equally viable under the Bankruptcy Reform Act of 1978 as it was under the Bankruptcy Act of 1898. *Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (4th Cir.1983).

5. Finally, it may well be the case that the S.B.A.'s post-petition judgment lien, if obtained, would impair debtor's equity exemption in his entireties property had the debtor chosen to exempt that property pursuant to the state or federal statutes. But the debtor chose to exempt the property pursuant to the common law tenancy by the entireties doctrine, not pursuant to the statutory schemes. An S.B.A. judgment would not impair an exemption pursuant to the entireties doctrine because entireties property is not exempt from process by joint creditors such as the S.B.A., *Ragsdale v. Genesco,* 674 F.2d 277 (4th

Cir.1982), *In re Seidel,* 38 B.R. 264 (Bkrtcy.D.Md.1984).

6. The debtor has cited dicta from *In re Ford,* 3 B.R. 559 (Bkrtcy.D.Md.1980), *aff'd sub nom Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981) in which this Court stated that an individual debtor's interest in entireties property is exempt from process by both individual and joint creditors. *Id.,* 3 B.R. at 575. But while a joint creditor may not reach an individual debtor's interest alone, such a joint creditor may reach that individual interest by joining it with the non-filing spouse's interest in the entireties property. Granting the lift stay will permit the S.B.A. to do just that.

7. Because the entireties property itself, including the debtor's individual interest, may be reached by joint creditors who levy on the interests of both spouses, *Phillips,* 46 F.2d at 766, *Ford,* 3 B.R. at 575, the interest is not exempt from process by a joint creditor under Maryland law, *See Phillips, supra; Frey v. McGaw,* 127 Md. 23, 95 A. 960 (1915). Thus, a post-petition judgment lien, if obtained by a joint creditor, would not impair the debtor's entireties exemption.

8. Accepting the debtor's argument would shield joint property from both joint creditors such as the S.B.A. and from the estate, the same unjust result which *Phillips* sought to avoid.

9. Although the debtor was discharged by the Order of June 13, 1983, that Order was implicitly subject to the resolution of this and any other pending adversary proceedings.

10. The stay will be lifted for cause, 11 U.S.C. § 362(d)(1), in order to permit the S.B.A. to seek to obtain a judgment against the debtor and his wife.

SO ORDERED.