WIDENER, Circuit Judge:
 

 Anderson filed his petition in bankruptcy for relief under Chapter 7 of the Bankruptcy Code, claiming as exempt his equity in his residence which he and his wife own as tenants by the entireties. There was a first deed of trust on the residence with the approximate balance of $12,000 and a second deed of trust in favor of First & Merchants National Bank to secure a $50,000 demand note. The $50,000 note was pledged to First & Merchants as collateral for several loans made to Anderson to use in his business, Anderson Electronics, Inc.
 

 The business loans included more than $74,000 not guaranteed by the Small Business Administration and a $150,000 note secured by the Small Business Administration. The SBA had paid the bank about $121,000 on the $150,000 obligation and had taken an assignment of the Bank’s right against Anderson on account of that note.
 

 Upon this state of facts, the bankrupt being hopelessly insolvent, the bankruptcy court, upon the application of First
 
 &
 
 Merchants which wished to foreclose on the
 
 *224
 
 second deed of trust, modified the automatic stay provided for under 11 U.S.C. § 362 “to permit the parties to pursue their remedies in the state court.” The bankruptcy court also declined to discharge the bankrupt and continued the discharge hearing indefinitely. The question before us is whether or not the bankruptcy court erred by so modifying the automatic stay provision. We affirm.
 

 The case of
 
 In re Ford,
 
 3 B.R. 559 (D.Md.1980), which we affirmed on the opinion of the bankruptcy court
 
 sub nom Greenblatt v. Ford,
 
 638 F.2d 14 (4th Cir.1981), held in a similar situation that the interest of the bankrupt in real estate held by the entireties was a part of the bankrupt estate under 11 U.S.C. § 541 which interest was subject to exemption under 11 U.S.C. § 522(b)(2)(B), and impliedly held that the automatic stay provision of 11 U.S.C. § 362 applied to the bankrupt’s entirety interest in the property. We are of opinion the automatic stay provision of § 362 applies to the exempt entireties interest, and the parties recognize that rule.
 

 We think the reasoning in
 
 Ford
 
 is persuasive, even if not controlling, here. In
 
 Ford
 
 we stated:
 

 “Presuming that the debtor elects to exempt his interest in tenants by the entire-ties property, the Code as construed by this decision in no way affects the rights of a joint creditor of both spouses as those rights existed under the Act. As in the past, a joint creditor may, prior to the discharge of the bankrupt spouse from the debt of each creditor and upon the lifting of the stay, proceed to obtain judgment, execute or foreclose upon property owned by both the bankrupt and the non-bankrupt spouse as tenants by the entireties.
 
 Phillips v. Krakower,
 
 supra_” 3 B.R. at 576.
 

 We think the fact that the property is held by the entireties and that the secured creditor will otherwise be unable to presently realize on its security for past due debts is quite analogous to the situation which existed in
 
 Phillips v. Krakower,
 
 46 F.2d 764 (4th Cir.1931). In that case we affirmed an order of the district court which delayed the discharge of a bankrupt, a joint obligor on a note, so that the holder of the note could obtain a judgment in state court against the bankrupt and his wife who owned real estate held by the entire-ties. The reason for our decision was that the property otherwise could not have been reached by the creditor and was not subject to the bankruptcy proceeding. Just as importantly, we have only recently followed
 
 Krakower
 
 in
 
 Chippenham Hospital v. Bondurant,
 
 716 F.2d 1057 (4th Cir.1983), in a case decided under the new Code as opposed to the old Act, and on almost identical facts to those in the
 
 Krakower
 
 ease. In
 
 Chippenham
 
 we approved the lifting of the automatic stay provision and a deferral of discharge to permit the creditor to seek judgment in a state court in order to realize on property held by the bankrupt and wife by the entireties and claimed as exempt.
 

 A lifting of the automatic stay under 11 U.S.C. § 362(b)(1) shall be granted “for cause, including the lack of adequate protection of an interest in property of such party in interest [in our case the bank].”
 

 In the case before us, the residence held by the entireties cannot be reached in the bankruptcy proceeding. It was encumbered in good faith to secure the $50,000 note used as collateral for Anderson’s debts, and the entire interest of both Anderson and wife was encumbered to that effect. The Schedules show that the second deed of trust note held by First & Merchants as collateral is not nearly sufficient to cover its indebtedness, much less that of the SBA, whose debt may also be secured by the note. First & Merchants had only negligible, if any, other collateral to cover Anderson’s indebtedness to it. .No reason appears to permit creditors, as in
 
 Krakower
 
 and
 
 Chippenham,
 
 who hold joint obligations of husband and wife, to proceed to judgment in order to realize upon real estate held by the entireties, and not to permit foreclosure by the bank which holds a deed of trust which will accomplish the same purpose. The passage from
 
 Ford
 
 at p. 576 we have quoted above requires, in terms, the opposite result. Thus, we are of opinion there was “cause” within the meaning of 11 U.S.C.
 
 *225
 
 § 362(b)(1) for amending the automatic stay to permit foreclosure.
 

 The order of the district court appealed from is accordingly
 

 AFFIRMED.
 
 [1]
 

 [1]
 

 . An alternate ground for our decision is that Anderson does not have an equity in the residence as mentioned in 11 U.S.C. § 362(d)(2)(A). If the debtor does not have an equity in property to which the automatic stay applies, "the court shall grant relief from the stay_”
 

 Anderson’s Schedules in bankruptcy show that the market value of the residence is $47,-000. A first deed of trust on the residence has $12,488 outstanding upon it. The second deed of trust held by First & Merchants in question here is for $50,000. Thus, there is a total of $62,488 secured by the residence valued at $47,-000. "Filing the schedule in a proceeding in bankruptcy is an ex parte act on the part of the bankrupt, and in that proceeding is a solemn admission which, unless corrected, binds him.”
 
 Horner v. Hamner,
 
 249 F. 134, 137 (4th Cir.1918). No proof has been offered that the value of the residence is not $47,000 nor that the amount owing on the first deed of trust is not $12,488, nor that the amount owing on the second deed of trust is not $50,000. Thus, the Schedules have not been corrected and are binding on Anderson. Anderson’s objection, therefore, that it was necessary for the bank to prove his lack of equity in the residence in order to prevail is without merit, for his Schedules themselves show on their face that there is no equity in the residence above the secured indebtedness against it.