Calvin B. WELLS, Appellant,

v.

Gene WILKINSON, Trustee in Bankruptcy of Hudson's, Inc., Bankrupt, Appellee.

No. 22478.

United States Court of Appeals
Fifth Circuit.

March 13, 1967.

Jesse S. Guillot, New Orleans, La., for appellant.

Robert G. Nichols, Jr., Jackson, Miss., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM:

This appeal is by a receiver in bankruptcy dissatisfied with his fee. The case arose in a Chapter XI arrangement proceeding. The Referee appointed Wells receiver when the debtor filed a voluntary petition for arrangement. The order provided that the debtor was to continue to operate its business. When the Referee approved the debtor's proposed arrangement, he again appointed Wells receiver and also undertook to appoint him as trustee. No trustee is,

as a rule, appointed in a Chapter XI proceeding unless there is a prior pending bankruptcy proceeding. 11 U.S.C. § 732.

Wells claims the maximum compensation as (1) receiver with limited powers, which he was at first; (2) receiver, which he was after the Referee accepted the debtor's arrangement; and (3) as trustee, which he never was. Wells was entitled to compensation for his services in categories (1) and (2). The Referee awarded him compensation for these services, although not the maximum allowable under 11 U.S.C. § 76. The actual compensation is within the discretion of the court, and to win a reversal the receiver must show "that such discretion was plainly abused." In re Myley Electrical Supply Co., 2 Cir. 1923, 287 F. 524, 526. We find no abuse of discretion. The judgment is

Affirmed.