In the Matter of the **ABILENE FLOUR MILLS COMPANY, Inc.**

No. 164–70.

United States Court of Appeals,
Tenth Circuit.

March 24, 1971.

**938**

James G. Winn, Abilene, Kan. (Charles E. Bogan and James C. Johnson, Abilene, Kan., on the brief), for Abilene Flour Mills Co., Inc., appellant.

Joseph G. Hodges, Denver, Colo. (Hodges, Harrington, Kerwin & Otten, Denver, Colo., on the brief), for The Fourth National Bank and Trust Co., Wichita, appellee.

Before BREITENSTEIN and McWILLIAMS, Circuit Judges, and DOYLE, District Judge.

BREITENSTEIN, Circuit Judge.

This appeal concerns the reasonableness and propriety of an allowance of compensation to a disbursing agent in a proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq.

The arrangement plan of the petitioning debtors, The Abilene Flour Mills Company, Inc., and Abilene Grain Company, Incorporated, were confirmed by bankruptcy referee Morton on February 9, 1968. On the same day the referee made an order appointing the trust department of The Fourth National Bank and Trust Company, Wichita, as the disbursing agent. The order recites that at a January 31, 1968, meeting of the creditors, held on due notice, an amended arrangement was accepted. The portion of the order relating to compensation reads:

"ORDERED that the compensation of the trust department of The Fourth National Bank and Trust Company, Wichita as such disbursing agent in the event said arrangement is confirmed be and it is hereby fixed in an amount equal to ½ of 1% of the aggregate of all monies received and disbursed by said agent under the provisions of this order."

The record does not contain any certificate of mailing of copies of this order. No petition for review of the order was filed. On January 13, 1969, the Bank petitioned for the allowance of a fee of $7,900.59 for its services as disbursing agent. The petition was heard ten days later by United States District Judge Theis who, because of the absence of Referee Morton, sat as referee under the local rules pertaining to bankruptcy. The debtors objected to the allowance of the fee. The record contains the accounting sheets of the Bank pertaining to its actions as disbursing agent. If any other evidence pertaining to the actions of the Bank or the amount of its claimed fee was presented it is not contained in the record. The district judge, sitting as referee, found that the Bank had received and disbursed $1,557,371.96 and on the basis of the February 9, 1968, order allowed a fee of $7,886.86. This order was entered on April 4, 1969. A timely petition for review was heard and denied by Judge Theis sitting as a district judge. No point is raised over the actions of Judge Theis in a dual capacity.

The compensation of a disbursing agent in a Chapter XI proceeding is governed by § 337(1) of the Bankruptcy Act, 11 U.S.C. § 737(1), which provides that at the first meeting of creditors or any adjournment thereof the judge or referee after the acceptance of the arrangement shall

"(1) designate * * * a person * * * as disbursing agent * * * and fix the amount or rate of his compensation, not in excess of the compensation allowable to a receiver serving as a mere custodian under this title."

The maximum compensation allowable to custodial receivers is fixed by § 48(a)

(1) of the Act, 11 U.S.C. § 76(a) (1), which provides that such allowance shall not exceed "2 per centum on the first $1,000 or less and one-half of 1 per centum on all above $1,000 on moneys disbursed by them * * *."

The debtors object to the February 9, 1968, order fixing compensation to the disbursing agent in terms of percentage of the amount received and disbursed on the ground that it is a determination of the compensation in advance of the performance of the work and without knowledge of the work required there can be no just determination in conformity with the purpose of the Act to provide for the economical administration of the debtor's estate.

■■■ The attack upon that order comes too late. Section 39(c) of the Act, 11 U.S.C. § 67(c), as amended in 1960 provides that a petition to review a referee's order may be filed within 10 days after the entry thereof and that

"Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final."

The purpose of the 1960 amendment was to eliminate confusion as to the finality of referees' orders. Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527, 529, cert. denied 372 U.S. 930, 83 S.Ct. 875, 9 L.Ed.2d 734. In the case at bar no petition for review was filed within the 10-day period and the order became final. The debtors seek to avoid this result by the assertion that the record does not disclose any notice of the entry of the order. The failure of an aggrieved party to receive notice does not relieve him from the strict interpretation of § 39 intended by Congress. In the Matter of General Insecticide Co., 2 Cir., 403 F.2d 629, 630; see also St. Regis Paper Co. v. Jackson, 5 Cir., 369 F.2d 136, 140–142.

In our opinion the order became final and is not now subject to review.

Our review is limited to the April 4, 1969, order fixing the amount of the fee on the application of the percentage to the amount received and disbursed. The percentage was within the statutory limitation. There appear to be no decisions on the determination of a disbursing agent's compensation under Chapter XI. We have held that the allowance of attorneys' fees in bankruptcy proceedings "will not be interfered with on review unless the allowance was plainly wrong or an abuse of discretion." Behringer v. Lybrand & Morgan, 10 Cir., 270 F.2d 670, 675. The same principle has been applied to the determination of receivers' fees. See Wells v. Wilkinson, 5 Cir., 374 F.2d 504, 505, and In re Myley Electrical Supply Co., Inc., 2 Cir., 287 F. 524, 526. We believe that it controls here.

The record shows no evidence bearing on the reasonableness of the fee except the Bank's accounting sheets. The debtors have computed that the fee allowed amounts to a payment of $24.72 for each transaction by the Bank and say that this shows an unreasonable fee.

■■■ If the debtors considered the percentage as too high they should have objected to the order fixing it and sought review thereof. They did not do so but waited until the Bank had performed the services. The Bank had custody of the money for about a year. No question is raised about the performance of the services required of it. We agree with the Bank that a mathematical calculation of the average fee per item is unpersuasive in the absence of a showing that the allowance is unreasonable in the light of the responsibility imposed on the Bank and the work required of it. The allowance was within the statutory limit. In our opinion it was not plainly wrong and was not an abuse of discretion.

Affirmed.