In the Matter of John Edward **HAWKS** and Pauline Andrews Hawks, Debtors.

**SECURITY INDUSTRIAL LOAN AS- SOCIATION, Appellant,**

v.

**H. Clyde PEARSON, Referee in Bankruptcy, Appellee.**

**No. 72–1780.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1972.

Decided Jan. 19, 1973.

Miles Cary, Jr., Richmond, Va. (Hirschler & Fleischer, Richmond, Va., and Dale Myers, Roanoke, Va., on brief), for appellant.

Franklin Pierce Pulley, III, Roanoke, Va., for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This is an appeal from an order of the District Court upholding an injunction granted by the Referee in Bankruptcy against the foreclosure of a deed of trust given by a husband and wife, the petitioners in a consolidated Chapter

XIII proceeding,[1] over their home, owned by them as tenants by the entireties. The petitions of the husband and wife were initially filed separately but were ultimately consolidated prior to the entry of the order from which this appeal is taken. The husband was the first to file, and on June 6, 1969, the appellant Loan Company, as well as all other creditors, were enjoined from the prosecution of any suit or interference with the Debtor in possession of his property, including the initiation of foreclosure proceedings under appellant's deed of trust. On January 26, 1971, the wife filed her petition under Chapter XIII, claiming the status of a wage earner. In this petition she requested *inter alia*, the consolidation of her proceedings with that previously filed by her husband and that her debts be liquidated under the terms of payment provided under a consolidated plan of the two debtors. The first meeting of creditors under this petition of the wife was fixed for February 16, 1971, and proper notice of such meeting given all creditors, including the appellant Loan Company. Prior to the date fixed for this first meeting, the appellant filed its proof of claim with the Referee. In so doing, it entered no objection to the jurisdiction of the court of bankruptcy to entertain the petition of the wife. At the first meeting of creditors, the Referee took the testimony of the wife, who, though stating that she was at the moment unemployed, claimed the status of a wage earner under the Act, relying upon from-time-to-time employment as a ticket checker at certain professional sporting events and as a babysitter. The jurisdictional right of the wife to file as a wage earner under Chapter XIII was sustained on the basis of the record, her request for consolidation of her proceedings with that of her husband was ordered, and her consolidated plan was confirmed, by order of the Referee entered on February 16, 1971—all without objection from any creditor. No petition for review of this order of the Referee has ever been filed. The appellant Loan Company, claiming failure in meeting payments on its loan, later moved before the Referee to vacate the injunction against the institution of a foreclosure action on its deed of trust, to declare the wife's proceedings invalid for failure of the debtor to qualify as a wage earner, to adjudge that the husband individually had no interest protectible in bankruptcy in property owned as a co-tenant in the entireties, and to sustain its right to collect extra charges for tardy payments. The Referee denied the motion and, upon petition to review, the District Court affirmed. This appeal is *only* from that order of the District Court, sustaining the denial of the motion by the Referee.

The right of the petitioners-debtors in the consolidated proceedings to injunctive relief against the threat of foreclosure of the deed of trust over their home, owned by them as tenants by the entireties, it would appear at first glance, is incontrovertible under the authority of Hallenbeck v. Penn Mutual Life Insurance Company (4th Cir. 1963) 323 F.2d 566,[2] where a husband and wife, involved in similar consolidated proceedings filed under Chapter XIII, were upheld in their application for injunctive relief against foreclosure of real estate owned by them as tenants by the entireties. The appellant Loan Company would, however, distinguish this case from *Hallenbeck*. It contends, (1) that, unlike the wife in *Hallenbeck*, the wife here, despite her claim to the contrary, was not actually a wage earner, (2) that such status is essential to jurisdiction over a proceeding under Chapter XIII, and (3) that, for this reason, her proceeding should be treated as a nullity and dismissed on jurisdictional grounds. Proceeding from these postulates, it argues that, since, under the peculiari-

---

1. Sections 1001, et seq., 11 U.S.C.

2. To the same effect is In re Rutledge (D.C.Ark.1967) 277 F.Supp. 933, 935–936.

ties of an estate by the entireties,[3] the husband-debtor, who is, by the appellant's reasoning, the only proper debtor in this proceeding, has no interest *individually* in the property covered by its deed of trust, the injunction purportedly issued for the purpose of administering or protecting property properly covered by the Chapter XIII proceedings, was improvidently issued, citing in support In re Reid (D.C.Va.1961) 198 F.Supp. 689, aff. 4th Cir., 304 F.2d 351. We disagree.

█ Accepting the appellant's premise that, in order for the wife to have standing to file under Chapter XIII, she had to qualify as a wage earner and, *arguendo*, that if she does not qualify, the husband alone does not have standing to enjoin the foreclosure, the fact remains that the appellant had its day in court to raise the issue whether the wife was so qualified and whether the two proceedings might be consolidated, bringing both husband and wife into the single bankruptcy proceedings,[4] and it stood mute at the time, entering no objection. At the first meeting of creditors, the initial threshold issue was the qualification of the wife to file as a wage earner. The Referee took testimony and ruled on the issue. It may be that the evidence on the point was weak; but, if so, the time for objecting on that score was at that hearing, where the jurisdictional issue was to be determined. The appellant could not stand silent at that point in the proceedings where jurisdiction was to be adjudged, enter no objection to the sufficiency of the proof on the wife's qualification as a wage earner as offered at that hearing, permit, without complaint, entry of an order sustaining jurisdiction, acquiesce in the consolidation of the wife's proceeding with that of the husband, file no timely petition to review such order, and then months later, when it seems advantageous to it, seek to relitigate the qualifications of the wife as a wage earner, the very issue that was necessarily posed, heard and finally adjudged earlier without objection. Yet that is the exact position of the appellant Loan Company. It cannot play "fast and loose" with the Court in such fashion. When the appellant failed to object to the Referee's order of February 16 and when it failed within the ten days allowed by statute to petition for review of that order of the Referee sustaining the jurisdiction to entertain the wife's petition and ordering the consolidation of the proceedings brought by both husband and wife, that order became final and no longer subject to appeal or collateral attack. Section 67(c), 11 U.S.C.; Hardesty v. Keightley (4th Cir. 1966) 361 F.2d 751, 753; Goff v. Pfau (8th Cir. 1969) 418 F.2d 649, 654, cert. denied 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97; In re Abilene Flour Mills Company (10th Cir. 1971) 439 F.2d 937, 939. And this finality attaches to issues such as the wife's status as a wage earner, however those issues may be denominated, as well as to all other issues so finally resolved, where those issues have been heard and resolved as was this issue of the wife's status. In re Sterling (9th Cir. 1942) 125 F.2d 104, 107. See, also, In re Sunningdale Country Club (6th Cir. 1965) 351 F.2d 139, 143; In re Webcor, Inc. (7th Cir. 1968) 392 F.2d 893, 898, cert. den. 393 U.S. 837, 89 S.Ct. 113, 21 L. Ed.2d 107; In re California Lumber Corporation (D.C.Cal.1964) 227 F.Supp. 63, 66; 2 Remington on Bankruptcy, sec. 619, p. 78; cf., Chicot County Dist. v. Baxter State Bank (1940) 308 U.S.

3. For a discussion of such estate under the laws of Virginia, *see* Vasilion v. Vasilion (1951) 192 Va. 735, 66 S.E.2d 599, 602–603, and In re Kearns (4th Cir. 1925) 8 F.2d 437, 438, cert. den. 269 U.S. 587, 46 S.Ct. 203, 70 L.Ed. 426; Phillips v. Krakower (4th Cir. 1931) 46 F.2d 764, 765; Roberts *v.* Henry V. Dick & Co. (4th Cir. 1960), 275 F.2d 943, 944. *See,* *also,* Masonry Products, Inc. v. Tees (D. C.V.Is.1968) 280 F.Supp. 654, 666 (Maris, C. J.); In re Estate of Wall (1971) 142 U.S.App.D.C. 187, 440 F.2d 215, 218; 3 Remington on Bankruptcy, § 1223.01, pp. 72–6.

4. Reed v. General Finance Loan Company of Norfolk (4th Cir. 1968) 394 F.2d 509.

371, 376–377, 60 S.Ct. 317, 84 L.Ed. 329; Treinies v. Sunshine Min. Co. (1939) 308 U.S. 66, 78, 60 S.Ct. 44, 84 L.Ed. 85.[5]

▮ While irrelevant to the decision in this case, we cannot forego adding that it violates reason and the beneficent purposes which support both proceedings under Chapter XIII and the common-law adoption of an estate by the entireties,[6] to hold that a husband, who, along with his wife, owns the family home, is, during the currency of his Chapter XIII proceedings, without any protectible interest in that home merely because of the peculiarities of the character of their ownership (i. e., tenancy by the entireties), a form of ownership which was legally created for the specific purpose of providing some safeguards in favor of family stability and the family home.

While the appellant's appeal is ostensibly directed against the grant of the injunction on what it has described as jurisdictional grounds, its real objection is, however, not so much to the injunction itself as it is to the collateral effect of sustaining the maintainability of the bankruptcy proceedings on the part of the wife. Under the terms of its loan agreement, the appellant Loan Company is entitled to add a substantial charge for delinquencies in making monthly payments. Such a charge is generally regarded as a penalty, certainly in the bankruptcy courts. As such, it is to be disallowed in bankruptcy proceedings[7] but it is argued that, under the law of Virginia, it is collectible in state court proceedings. Since the penalties for late payment would increase substantially the debtors' indebtedness and thereby the amount of the appellant's right of recovery under its deed of trust, the appellant Loan Company seeks to avoid bankruptcy jurisdiction over its claim and to enforce its right of foreclosure in the state court where these penalties may be recovered. That is what seemingly prompted its attack upon the bankruptcy proceedings of the wife and may explain its delay in contesting the wife's petition. For the reasons already stated, however, the appellant is subject to the jurisdiction of the bankruptcy court in the enforcement of its indebtedness and it will not, in the bankruptcy proceedings, be permitted to prove and collect the penalties provided in its loan agreement for late payments. As a matter of fact, it was stated at the hearing in this Court that the debtors were able and anxious to make payment of their indebtedness to the appellant if these penalties were eliminated.

Affirmed.

---

5. In Chicot County Dist. v. Bank, *supra,* the Court expressly stated that a court of bankruptcy "has the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is *res judicata* in a collateral action." 308 U.S. at p. 377, 60 S.Ct. at p. 320.

6. *See* In re Estate of Wall, *supra.*

7. United States v. Harrington (4th Cir. 1959) 269 F.2d 719, 724–725; In re Tastyeast, Inc. (3d Cir. 1942) 126 F.2d 879, 882, cert. den. 316 U.S. 696, 62 S.Ct. 1291, 86 L.Ed. 1766.