In the Matter of Paul E. ENYART, Bankrupt-Appellant.

No. 74–1286.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 1975.

Michael R. Dowling, Diedrich & Lycan, Ashland, Ky., for bankrupt-appellant.

Joe R. Massey, Jr., Ashland, Ky., for appellee.

James E. Adkins, Catlettsburg, Ky., for trustee.

Before WEICK, CELEBREZZE and MILLER, Circuit Judges.

WEICK, Circuit Judge.

The controversy in this case arises out of the bankruptcy proceeding of Paul E. Enyart, who was adjudicated bankrupt on December 2, 1968, on his voluntary petition.

The referee in bankruptcy sustained Objections and Specification to the discharge of the bankrupt and denied his discharge. The referee's order was affirmed by the District Court on petition for review, and was affirmed by this Court on appeal, Enyart v. Ashland Discount Co., et al., Sixth Circuit No. 71–1751, May 1, 1972. Certiorari was denied by the Supreme Court, Enyart v. Ashland Discount Co., 409 U.S. 880, 93 S.Ct. 134, 34 L.Ed.2d 133 (1972).

In the bankruptcy proceeding Ashland Discount Company filed proof of a secured claim. The bankrupt filed a counterclaim thereto, praying for judgment against Ashland for damages in the amount of $100,000. A suit, the subject of the counterclaim, had been pending in the state court prior to bankruptcy. The trustee in bankruptcy was granted leave by the referee to disclaim interest in the counterclaim as valueless to the bankrupt's estate, and the bankrupt then moved to dismiss his counterclaim, and it was dismissed by the referee.

Under date of January 13, 1971 the claim of Ashland was "allowed in the undisputed amount of $64,883.62 . ." subject to a requirement that Ashland liquidate its security and apply the proceeds to the debt.

On December 22, 1972 the referee, on motion of Ashland, entered judgment against Enyart in favor of Ashland, on its claim, in the amount of $65,144.56, with interest and costs.

Enyart filed a motion to vacate the judgment on January 2, 1973, which motion the referee denied on June 29, 1973 in an opinion and order.

Under date of August 3, 1973 Enyart filed a motion for an extension of time to file a petition for review of the order of June 29, 1973, alleging that he had mistaken his remedy and had filed a no-

tice of appeal from the referee's order direct to the Court of Appeals for the Sixth Circuit. The referee denied the motion to extend the time for filing the petition for review, on the ground that he was without authority under Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), to grant an extension after the ten-day period provided for in said section had expired. Upon petition for review, the District Court affirmed.

Enyart then moved the District Court to alter the order and stay its effect, contending that the bankruptcy court was without jurisdiction to enter a personal judgment against him, and that the judgment is void. He claims that he can raise the issue any time under Rule 60(b)(4) of the Federal Rules of Civil Procedure. The District Court denied the motion and Enyart appealed. We affirm.

## I

The threshold question is whether the method for review of orders of the bankruptcy court provided in Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c)[1] is exclusive.

This section permits a person aggrieved by an order of the referee to file a petition for review of the order, by a judge, within ten days after entry of the order, or within such extended time as the court, upon petition filed within such ten-day period, may for cause shown allow.

Prior to amendment of the section in 1960, the bankruptcy court had discretion to extend the time even though no petition had been filed within the ten-day period. Pfister v. Northern Ill. Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 140 (1942); United States Ma-

chinery Movers v. Beller, 280 F.2d 91 (8th Cir. 1960).

The 1960 amendment changed that by adding thereto the following:

> Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final.

In the present case the judgment entered by the referee on December 22, 1972 became final on June 29, 1973, on which date the referee denied the bankrupt's motion to vacate the judgment.

It was not until August 3, 1973, however, that Enyart filed a motion for an extension of time to file a petition for review. Section 39(c) required him to file such motion within ten days after June 29, 1973. The referee had no power or authority to grant such a motion.

We construed the 1960 amendment to Section 39(c) of the Bankruptcy Act in In Re Charmar Investment Co., City Nat'l Bank & Trust Co. v. Charmar Investment Co., 475 F.2d 560 (6th Cir., 1973), cert. denied, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973). In that case Circuit Judge Peck, who wrote the opinion for the Court, stated:

> We find that Section 39(c) of the Bankruptcy Act disposes of these claims. Amended in 1960, the Act provides that a petition for review, or a petition to extend the time for filing a petition for review, must be filed within ten days after entry of a referee's order. The 1960 amendment provided a clarification and made compulsory the ten-day limitation. It is clear that the intent was to provide finality to a referee's order unless there was timely direct attack. Since the amendment

1. 11 U.S.C. § 67(c) provides:

(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extention thereof, the order of the referee shall become final. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest.

was enacted, courts have required strict compliance. Appellant has failed to file such a petition for review within the time specified. In fact the record does not reveal that any petition for review has ever been filed. An appeal to this Court cannot be substituted for a petition for review, and consequently, appellant's claims must be rejected. [Footnotes omitted.] (*Id.,* 475 F.2d at 563–564)

Other Circuits have held similarly that strict compliance with the ten-day rule was mandatory. In Re Abilene Flour Mills Co., 439 F.2d 937 (10th Cir. 1971); Goff v. Pfau, 418 F.2d 649 (8th Cir. 1969), cert. denied, 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97, rehearing denied, 399 U.S. 917, 90 S.Ct. 2212, 26 L.Ed.2d 577 (1970); In Re Imperial "400" Nat'l, Inc., 391 F.2d 163 (3d Cir. 1968); St. Regis Paper Co. v. Jackson, 369 F.2d 136 (5th Cir. 1966).

█ Section 39(c) provides the exclusive method of review of orders entered by the referee. In Re Chelsea Hotel Corp., 241 F.2d 846 (3d Cir. 1957).

## II

Enyart contends that the bankruptcy court had no jurisdiction to enter a personal judgment against him, and that the judgment is void. He urges that Rule 60(b)(4), Federal Rules of Civil Procedure, permits the issue of jurisdiction to be raised at any time.[2]

11 U.S.C. § 11 vests jurisdiction in the bankruptcy court to:

(2) Allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates;

.    .    .    .    .

(15) Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this title; . . ..

█ In Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the Supreme Court stated:

It is equally clear that the expressly granted power to "allow," "disallow" and "reconsider" claims, Bankruptcy Act § 2, sub. a(2), 11 U.S.C. § 11, sub. a(2) (1964 ed.), which is of "basic importance in the administration of a bankruptcy estate," Gardner v. State of New Jersey, 329 U.S. 565, 573 [67 S.Ct. 467, 471, 91 L.Ed. 504] is to be exercised in summary proceedings and not by the slower and more expensive processes of a plenary suit. United States Fidelity Guaranty Co. v. Bray, 225 U.S. 205, 218 [32 S.Ct. 620, 625, 56 L.Ed. 1055]; Wiswall v. Campbell, 93 U.S. 347, 350–351 [23 L.Ed. 923]. This power to allow or to disallow claims includes "full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or a claim against the estate is based. This is essential to the performance of the duties imposed upon it." Lesser v. Gray, 236 U.S. 70, 74 [35 S.Ct. 227, 228, 59 L.Ed. 471]. [Footnotes omitted] (*Id.* 382 U.S. at 329, 86 S.Ct. at 472)

The Court further stated at page 334, 86 S.Ct. at page 475:

The normal rules of res judicata and collateral estoppel apply to the decisions of the bankruptcy courts.

█ Congress has invested bankruptcy courts with legal as well as equitable jurisdiction. Bankruptcy Act § 2a, 11 U.S.C. § 11(a); Katchen v. Landy, *supra*, at 327 n.2, 86 S.Ct. 467.

█ In exercising their equitable powers, bankruptcy courts can grant full and

---

**2.** In entering judgment against the bankrupt after his discharge had been denied, the referee relied on Section 2(a)(12) of the Bankruptcy Act, 11 U.S.C. Section 11(a)(12), which grants jurisdiction to:

(12) Discharge or refuse to discharge bankrupts, set aside discharges, determine the dischargeability of debts, and render judgments thereon.

As we will point out, the bankruptcy court already had jurisdiction to enter the judgment. It is not necessary for us to determine whether Section 2(a)(12) has any application.

complete relief, and they are not required to leave part of a case for resolution by other courts.

██ The bankruptcy courts also deal in a summary way with "questions between a bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate." Taylor v. Voss, 271 U.S. 176, 181, 46 S.Ct. 461, 463, 70 L.Ed. 889 (1926), approved in Katchen v. Landy, *supra*, 382 U.S. at 327, 86 S.Ct. 467.

As before stated, the referee had allowed Ashland's claim on January 13, 1971, in the undisputed amount of $64,-883.62, subject to a requirement that it liquidate its security and apply the proceeds to the debt.

██ If a discharge had been granted to the bankrupt, it would not have been necessary to enter any further order with respect to Ashland's claim. However, the bankrupt was denied a discharge, and the referee, on motion of Ashland, entered judgment in its favor against the bankrupt in the amount of $65,144.56. Entry of such judgment was authorized, not only by 11 U.S.C. § 11(a)(15), but also under the general equity powers of the court. Katchen v. Landy, *supra*.

The bankrupt must have thought that the bankruptcy court had jurisdiction, because he filed a counterclaim against Ashland, praying for judgment for damages in the amount of $100,000.

In our opinion the bankruptcy court had in personam jurisdiction over the bankrupt and in rem jurisdiction over the bankrupt's estate. The bankrupt could have obtained full review of the referee's order by compliance with Section 39(c) of the Bankruptcy Act. He recognized the applicability of this section when he filed a belated motion to extend the time for its filing. At most the order of the referee was voidable. It was not void.

██ The bankrupt may not relitigate in some other court the issues decided against him by the bankruptcy court, as he is barred by res judicata and collateral estoppel. Katchen v. Landy, *supra*.

Affirmed.