In re James Edward CHITWOOD, Jr., Individually and t/a Chitwood Auto Sales and Chitwood Auto Sales, Inc., Bankrupt.

The FIRST NATIONAL BANK OF ROCKY MOUNT, Plaintiff,

v.

James E. CHITWOOD, Jr., t/a Chitwood Auto Sales and Chitwood Auto Sales, Inc. and James E. Chitwood, Jr., Defendants.

Bankruptcy No. 76–689.

United States Bankruptcy Court, W. D. Virginia.

Dec. 5, 1979.

**416**

William G. Davis, Rocky Mount, Va., for plaintiff.

Dale Myers, Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

James Edward Chitwood, Jr. (hereafter Defendant) on August 24, 1976, at 9:15 a. m., filed his voluntary petition in this Court under the Bankruptcy Act seeking a discharge of his debts. Among his scheduled creditors was the Plaintiff, The First National Bank of Rocky Mount. Prior to the filing of the petition, Chitwood had been engaged in the used car business as a dealer in the Martinsville area, and among the institutions used by the Defendant for financing his business and floor planning his inventory was the Plaintiff. In addition to his personal endorsement on the indebtedness owing to the Bank, the Bank obtained additionally a written guarantee of these obligations from Marie M. Chitwood, Wife of the Bankrupt.

Plaintiff, on September 6, 1977, filed this Complaint seeking a delay of the issuance of the discharge of the Defendant to enable the Plaintiff to enforce a joint obligation against the entirety property of Mr. and Mrs. Chitwood. This entirety property is situate in Franklin County and is the residence of the Chitwoods. The evidence showed that the value of the entirety property was far in excess of the Plaintiff's debt.

On August 24, 1976, when the petition was filed, the Bank, at that time, had separate confessed judgments against the Chitwoods upon the separate obligations, but did not have a joint judgment, which was the proper vehicle to subject liability against the entirety property.

Following the filing of the petition herein, and later, on the same day, the Bank proceeded before the Circuit Court of Franklin County to have additional judgments rendered against Mr. and Mrs. Chitwood for FIFTY–FOUR THOUSAND NINE HUNDRED EIGHT and 57/100 DOLLARS ($54,908.57), which was the alleged balance due the Bank following credits applied from sales of the Bankrupt's inventory. This amount was subsequently further reduced to FIFTY–ONE THOUSAND, ONE HUNDRED TWENTY–SIX and 77/100 DOLLARS ($51,126.77). This additional judgment by the Circuit Court recites an entry upon the "consolidated actions", both of which were then pending in that Court upon separate docket numbers on August 24, 1976. The evidence further showed that the judgment on August 24, 1976, was entered, after the fact of the petition filed in this Court was brought to Counsel's attention, as well as the attention of the Court.

The evidence further showed that again on October 27, 1977, while this case was pending and without relief from the stay of *Rules* 401 and 601, the Circuit Court of Franklin County, Virginia, in a case therein styled *First National Bank of Rocky Mount v. James E. Chitwood, Jr. and Marie M. Chitwood*, proceeded to enter yet another Order, which purported to direct the issuance of a "joint judgment" against the Chitwoods and the docketing of the same in the said Clerk's Office wherein the real estate is situate.[1]

. The Complaint herein, when called for trial, was continued generally to enable the Plaintiff to complete liquidation of all collateral upon which it held a security interest so that Plaintiff could file with this Court a sum certain remaining due and owing upon the indebtedness of the Defendant and Wife, following the liquidation of the collateral. This was ultimately accomplished, and on September 26, 1979, following numerous other proceedings and motions, this Court heard the Complaint and the evidence as to the balance due the Plaintiff, following the application of all credits, which sum appears to be THIRTY–SIX THOUSAND SIX HUNDRED FORTY–THREE and 79/100 ($36,643.79) plus claimed interest of THIRTEEN THOUSAND THREE HUNDRED TWENTY–FIVE and 72/100 ($13,325.72) through September 26, 1979.

The issue simply put, is whether or not the Plaintiff should have the discharge stayed to enable it to proceed to obtain and enforce a joint judgment against the Chitwoods in the Circuit Court of Franklin County and, thereby subject to the satisfaction of such judgment the entirety property of the Chitwoods.

The Plaintiff's remedy invokes the equitable powers of this Court as heretofore enunciated in the case of *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061, 10 Am.B.R. 107 and later followed in the Fourth Circuit case of *Phillips v. Krakower* (4th Cir. 1931), 46 F.2d 764.

In the *Lockwood* case, the Supreme Court was asked to delay the discharge of the Bankrupt to enable the Bank to subject to the satisfaction of its claim, property which the Bankrupt sought to have exempt under a homestead deed. The Bank's note waived homestead exemption. The Supreme Court, in granting the right of the noteholder, stated that the creditor

". . . may be protected by the court of bankruptcy, since, certainly, there would exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor in the case at bar, an equity entitling him to a reasonable postponement of the discharge of the bankrupt in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor."

The Court in *Krakower*, supra, commented as to the holding in *Lockwood*:

"It was property, therefore, which was reachable by the creditor in the state courts, but, as here, the right of the creditor to subject it to his claim would be lost if the bankrupt were granted a discharge and his debt thereby extinguished."

*    *    *    *    *

"There is no difference in principle between that case *(Lockwood)* and the case at bar. In both there was property which did not pass to the trustee, but was reachable by the creditor under the laws of the state. In both a discharge of the bankrupt would have precluded a proceeding to subject the property to the satisfaction of the debt. And in both a stay of discharge was asked in order that the property might be subjected to the claims of the creditor."

". . . The basis upon which relief is granted in either case, however, is not that the bankrupt has consented that property be subjected to the claims of the

*Fidelity Mortgage Investors v. Camelia Builders* (2nd Cir. 1976), 550 F.2d 47 cert. den. 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977).

[1] *Rule* 920 deals with contempt but due to the complexity of the law of entirety property in proceedings of this nature, the Rule will be foregone. The stay is fully applicable. See:

**418**

creditor, but that an equity exists in favor of the creditor because he is entitled to subject property to the satisfaction of his claim and this right will be extinguished by the granting of the discharge."

■ The right of the Bank to proceed as authorized by *Lockwood* and *Krakower*, supra, is conditioned further in that there must be equity in the property sought to be subjected. See *In Re Hawks* (4th Cir. 1973), 471 F.2d 305. There is a further requirement that this Court determine that there is a debt due and owing by the Bankrupt and the amount thereof. See *In Re Bishop* (4th Cir. 1973), 482 F.2d 381; *In Re Saunders* (W.D.Va.1973), 365 F.Supp. 1351, therefore, until a sum certain could be arrived at following liquidation of collateral by the Bank, it could not be determined that the Chitwoods owed the Bank any sum whatsoever which the Bank could assert against their entirety interest.

■■ From the foregoing, it would appear that the Bank has the proper right to have the discharge stayed herein for a reasonable period of time to enable the Bank to proceed in the Circuit Court of Franklin County to reduce their claim to a valid "joint judgment" which may, in turn, be asserted against the entirety interest of the Chitwoods for the following reasons: the "joint judgment" sought to be entered by the Bank following the filing of the petition herein in both instances of August 24, 1976, and October 27, 1977, were ineffective, in contravention of *Rules* 401 and 601 and, consequently, void.

*Rule* 401,[2] which implements Section 11 of the *Bankruptcy Act* of 1938 (11 U.S.C. § 29) invokes immediately upon a filing.of a petition a stay of the commencement or continuation of any action against the Bankrupt or the enforcement of any judgment against him unless the party seeking to so enforce obtains relief from the stay in the Bankruptcy Court as provided in said Rule.

Rule 601[3] provides a comparable stay against the commencement or continuation of any court proceeding to enforce liens against the property of a bankrupt unless the creditor is relieved from the stay as provided in said Rule.

There was never any relief from.the stay granted by this Court for this creditor to proceed in the Circuit Court of Franklin County to reduce its claim to a joint judgment or otherwise. Until such time as relief from the stay of *Rules* 401 and 601 were granted by this Court, the creditor's actions without said relief being in derogation of the rules, were void. The attempt by the Plaintiff to lodge "joint judgments" against the Chitwoods, subsequent to the filing of the petition herein being void and to no avail, the alleged "judgment" lien upon the entirety property would, likewise, be void and as such remains a general unsecured debt owing by the Chitwoods to.the Bank at this time.

■ Therefore, it becomes necessary for the Court to determine what amount the Plaintiff may assert against the entirety property in the Circuit Court of Franklin County. See *In Re Bishop* and *In Re Saunders*, supra. The need for such determination is important here because the Plaintiff asserts in addition to the principal amount claimed to be due and owing of THIRTY—SIX THOUSAND SIX HUNDRED FOR-

---

**2.** *Bankruptcy Rule* 401. *Petition as Automatic Stay of Certain Actions on Unsecured Debts.* (a) *Stay of Actions.* "The filing of a petition shall operate as a stay of the commencement or continuation of any action against the bankrupt, or the enforcement of any judgment against him, if the action or judgment is founded on an unsecured provable debt other than one not dischargeable under clause (1), (5), (6), or (7) of § 17a of the Act."

**3.** *Rule* 601. *Petition as Automatic Stay Against Lien Enforcement.* (a) *Stay Against Lien Enforcement.* "The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings."

TY–THREE and 79/100 DOLLARS ($36,-643.79), interest thereon in the sum of THIRTEEN THOUSAND THREE HUNDRED TWENTY–FIVE and 72/100 DOLLARS ($13,325.72). It is important to note that interest on an unsecured claim does not accrue beyond the date of the petition, which in this case was August 24, 1976. See *Sexton v. Dreyfus*, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 and *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 and also *Littleton v. Kincaid* (4 Cir. 1950) 179 F.2d 848. See also (3A Collier, Section 63.-16).

In consideration of the foregoing, the Court concludes that the Plaintiff is entitled to proceed in the Circuit Court of Franklin County, Virginia to obtain and enforce a joint judgment against the entirety property of James Edward Chitwood, Jr. and Marie M. Chitwood to the extent of the amount due and owing as herein determined of THIRTY–SIX THOUSAND SIX HUNDRED FORTY–THREE and 79/100 DOLLARS ($36,643.79), with interest on this amount at the contract rate of EIGHT PERCENT (8%), computed to the date of the petition, to-wit: August 24, 1976, and to enable the Plaintiff to so do, the discharge herein is accordingly stayed for a reasonable period of time to March 1, 1980. The discharge shall forthwith issue on said date unless the time herein is further extended upon proper application to the Court prior to the expiration thereof, and further the stay of *Rules* 401 and 601 are hereby relieved to enable the Plaintiff to so proceed, all of which is so ADJUDGED AND ORDERED.