In the MATTER of UNITED TRACTORS, INC., Bankrupt.

Hugh MINER, Trustee in Bankruptcy, Plaintiff,

v.

INTERNATIONAL HARVESTER COMPANY, International Harvester Credit Corporation, Merle L. Yessen, L. D. Kirkland and Larry Millard, Defendants.

Bankruptcy No. 77–60285–B–SJ.

United States Bankruptcy Court,
W. D. Missouri,
St. Joseph Division.

Oct. 1, 1981.

Daniel J. Flanigan, Kansas City, Mo., for plaintiff.

Dietrich, Davis, Dicus, Rowlands & Schmitt, Kansas City, Mo., for defendants.

ORDER APPROVING TRUSTEE'S APPLICATION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT OF CONTROVERSY

DENNIS J. STEWART, Bankruptcy Judge.

This is an action brought by the trustee in bankruptcy in which he seeks a total of $1,000,000.00 in damages for alleged trespass and antitrust violations of the defendants.[1] A period of discovery, dating from May 4, 1981, to June 19, 1981, was permitted by the court and a trial date of July 17, 1981, was set by prior order of the court.

On the last date, before the time set for the trial, the plaintiff trustee submitted to the court his application for court approval of a proposed compromise and settlement of all the claims scheduled for trial for the sum of $27,500. The trustee states the following essential facts in support of his application:

"1. United Tractors, Inc. previously filed an action in the Circuit Court of Holt County, Missouri, known as *United Tractors, Inc. v. International Harvester Company, et al.*, Case No. 3958.

---

1. The complaint filed in this action was based upon the same cause of action as a suit previously filed by the bankrupt, prior to the date of bankruptcy, in the Circuit Court of Holt County.

"2. Subsequent to the filing of such petition, United Tractors, Inc. was adjudicated a bankrupt in proceedings held in the United States Bankruptcy Court for the Western District of Missouri, in a proceeding known as In the Matter of United Tractors, Inc., Bankruptcy No. 77–60285–SJ. Hugh Miner was appointed Trustee to the estate.

"3. That on September 16, 1980, the Honorable Dennis J. Stewart, Bankruptcy Judge, entered an Order in the United States Bankruptcy Court for the Western District of Missouri declaring the Holt County, Missouri litigation to be the property of the bankrupt estate.

"4. On November 18, 1980, Judge Stewart entered a further Order directing counsel to the Trustee to file a complaint in United States Bankruptcy Court for the Western District of Missouri naming as defendants the same persons who were so named in the Holt County, Missouri litigation, and further directing dismissal of the Holt County, Missouri litigation.

"5. That in compliance with such Order, Hugh Miner, Trustee, by and through his attorneys, filed an action in the United States Bankruptcy Court for the Western District of Missouri naming as defendant International Harvester Company, International Harvester Credit Corporation, Merle L. Yessen, L. D. Kirkland, and Larry Millard.

"6. Pursuant to the Order of Judge Stewart, the litigation previously pending in Holt County, Missouri has been dismissed.

"7. In response to the complaint, as well as a first amended complaint, filed by the Trustee in Bankruptcy Court against the aforementioned defendants, International Harvester Credit Corporation filed a counterclaim seeking damages from the Trustee.

"8. The parties have agreed to a settlement of the various issues in dispute, upon the terms set forth herein.

"IT IS HEREBY AGREED AS FOLLOWS:

"1. Defendants International Harvester Company and International Harvester Credit Corporation shall pay to Hugh A. Miner, Trustee, the sum of $27,500, within thirty (30) days of the signing of an Order approving this settlement agreement.

"2. Defendant International Harvester Credit Corporation shall dismiss with prejudice the counterclaim filed by it against Hugh A. Miner, Trustee.

"3. The defendants agree that any claim which may be on file against the estate of United Tractors, Inc., on behalf of any such defendant, shall be withdrawn, and such defendants hereby release and forever waive their right to file claims or take any other action to obtain any of the assets of the estate of United Tractors, Inc.

"4. The parties hereby agree to release and forever waive any right they may have against each other, arising out of or related to any aspect of the business relationship between United Tractors, Inc. and any of such defendants.

"5. This agreement shall become effective only upon approval of the United States Bankruptcy Court for the Western District of Missouri."

On July 28, 1981, this court issued its order directing the affected creditors in this case to show cause in writing within 20 days, if any cause they had, why the proposed compromise and settlement should not be approved.

■ To date, although more than 20 days have since passed, no creditor has filed any objection to the proposed compromise and settlement. The only objection has been filed by counsel for the debtor corporation, who complains that the cause of action does not belong to the trustee in bankruptcy.[2] But this issue is *res judicata*, this court having decided in a former adver-

---

2. In his brief filed in response to the show cause order, which brief was filed on August 18, 1981, counsel for the bankrupt relevantly states as follows:

"Under sec. 576, page 221, Vol. 2, Judge Cowan's treatise published by West Publishing Company, 1978, he refers to *Morrison v. Rocco Ferrera & Co., Inc.*, 409 Fed.Supp.

sary proceeding that this action is the property of the trustee in bankruptcy.[3] Counsel for the debtor corporation now contend that this court had no jurisdiction to make such

a decision.[4] But it is now too late to raise that issue, when the time for appeal of that former decision has run out.[5] And, moreover, that decision, and the jurisdiction of

1364 (E.D.Mich.1975) in connection with referring to Rule 928 of the new bankruptcy code. He stated that Rule 928 expressly disclaims any effect of the rule to extend or limit the jurisdiction of courts of bankruptcy over subject matter. The writer points out that the Mich. court's decision is questionable. The writer gives an example:

"If A, the bankrupt (United Tractors, Inc.) and B, (surviving board of directors of United Tractors, Inc.) are disputing over the ownership, of a claim against C (International Harvester Co., et al.) jurisdiction in the bankruptcy court only existed if the title evidently reposed in A. If the title was in B and A claimed it should have been in him, there was no summary jurisdiction. However, this had no effect on jurisdiction to collect from C. Even if the bankrupt (United Tractors, Inc.) clearly owned whatever claim there was against C, this gave no jurisdiction over these attempts to collect from C. That required plenary jurisdiction."

Through this admixture of concepts, the counsel for the bankrupt attempts to raise again a matter that has already been adjudicated finally and completely against the bankrupt. There is no question of the summary jurisdiction of a court of bankruptcy to determine the ownership of a chose in action in a contest between the trustee and the bankrupt. "Where the intangible consists of a chose of action, such as a debt owed the bankrupt or a contract claim, such intangible may be said to be in the constructive possession of the bankruptcy court so as to enable the court summarily to determine the rights of various claimants to the chose in action, if the bankrupt remained the legal owner up to the time of the filing of the petition." 2 Collier on Bankruptcy para. 23.05(4), p. 489 (1976). The files and records in this case further show that this court has previously exercised its summary jurisdiction to find and adjudge that the chose in action which was formerly filed by the bankrupt in the Circuit Court of Holt County was and is the sole property of the trustee and estate in bankruptcy. Thus, on July 1, 1980, this court issued its order directing the bankrupt and its counsel to show cause in writing within 15 days why the "Holt County litigation should not be adjudged to be the property of the estate herein in bankruptcy under section 70 of the Bankruptcy Act." Under the terms of the same order, it was directed that copies of the order be served upon the bankrupt and its counsel. Registered mail return receipts in this court file show that service was obtained on July 8, 1980. Nevertheless, counsel did not respond to the order, nor was there any response by the bankrupt to any

effect. Therefore, on September 16, 1980, this court entered its order and judgment declaring that the cause of action then pending in the Circuit Court of Holt County is the property of the estate in bankruptcy. Thereafter, accordingly, the trustee in bankruptcy took actual possession of the chose in action and filed it in this court. The matters of which counsel now belatedly complains are therefore *res judicata* by virtue of the prior judgment of this court. Otherwise, he has no standing to complain of the existence *vel non* of summary jurisdiction in the trustee's suit in this court against International Harvester Credit Corporation, International Harvester Company, Merle L. Yessen, L. D. Kirkland and Larry Millard, particularly when the responding defendants explicitly and in writing consented to the summary jurisdiction of the bankruptcy court.

3. See note 2, *supra.*

4. See the authorities cited in note 2, *supra.*

5. Thus, in *In re Sterling*, 125 F.2d 104 (9th Cir. 1942), it was held to be reversible error for the district court to hold, after the time for appeal had run out, that the referee in bankruptcy did not have jurisdiction. See also 1 Collier on Bankruptcy para. 2.05, p. 151, n. 4 (1978); *Mueller v. Elba Oil Co.*, 21 Cal.2d 188, 130 P.2d 961, 971 (Cal.1942) (which is also to the effect that "Jurisdiction is but the power to hear and determine and does not depend upon the correctness of the decision made."). "It is now firmly settled that upon general reference the referee acts as a court of bankruptcy, except as to those matters which the Act or the Bankruptcy Rules reserve to the judge alone." 2A Collier on Bankruptcy para. 38.02, n. 18, pp. 1397–1398 (1978). And see *In re Hawks*, 471 F.2d 305, 307 (4th Cir. 1973) ("When the appellant failed to object to the Referee's Order ... and when it failed within the ten days allowed by statute to petition for review of that order of the Referee sustaining the jurisdiction to entertain the wife's petition ..., that order became final and no longer subject to appeal or collateral attack."); *Arizona Power Corp. v. Smith*, 119 F.2d 888, 890 (9th Cir. 1941); 2A Collier on Bankruptcy para. 39.29, pp. 1540.5, 1540.6 (1978) ("If an appeal of the referee's order is not taken, that order has the force and effect of an order of the district court and is *res judicata* as to the merits. The parties' right to complain of the order is effectively lost, except for possible reconsideration by the referee himself, and the order is not subject to collateral attack in the district court.")

this court to render it, both rest upon firm grounds.[6] Further, counsel for the debtor corporation can have no palpable objection to the merits of the proposed compromise and settlement.[7] It is therefore

ORDERED that the trustee's proposal to compromise and settle this controversy for the sum of $27,500 be, and it is hereby, approved.

---

**6.** See the considerations stated in note 4 of the order of September 16, 1980, adjudging the chose in action to belong to the estate.

**7.** In successive inquiries as to the facts which would support the contention of substantial value of this particular cause of action, the counsel for the bankrupt failed and refused to disclose what discovery he had undertaken, what the products thereof were, and even what his particular factual contentions were.