**In re ALLGEIER & DYER, INC., Debtor.**

**WESTERN WATERPROOFING CO., INC., et al., Appellants,**

v.

**ALLGEIER & DYER, INC., L. Stanley Chauvin, Jr., Appellees.**

**Bankruptcy No. C 82-0261-L(B).**

United States District Court,
W.D. Kentucky,
at Louisville.

Oct. 22, 1982.

L. Stanley Chauvin, Jr., Louisville, Ky., for appellees.

Jerry F. Safford, Bowling Green, Ky., for City of Bowling Green.

F. Larkin Fore, Louisville, Ky., for Jeanes Mechanical Contr.

Thomas G. Mooney, Louisville, Ky., for Steel Fabricators.

Woolsey M. Caye, Louisville, Ky., for Osborne Co.

Charles S. Musson, Louisville, Ky., for Ralph Akers Const. Co.

C. Thomas Poole, Bowling Green, Ky., for Sentry Steel.

J. Baxter Schilling, Louisville, Ky., for Citizens Fid.

J. Larry Cashen, Louisville, Ky., for Eady Co.

C. Randall Michel, Bowling Green, Ky., for Const. Pipe Co.

Edward Faye, Bowling Green, Ky., for Gott Co. and AC & S Co.

Mike Reynolds, Bowling Green, Ky., for Farmers Feed.

G.D. Milliken, Jr., Bowling Green, Ky., for Steen Concrete and Rademaker Corp.

Tom Kerrick, Bowling Green, Ky., for W. Ky. Sheet Metal.

Kevin C. Brooks, Bowling Green, Ky., for W. Waterproofing Co.

Ken Meredith II, Bowling Green, Ky., for Contr. Supply & Rental.

S. Frank Smith, Jr., Bowling Green, Ky., for W.H. Harris Lumber, etc.

S. Frank Smith, Jr., Bowling Green, Ky., for McKinney Const. Co.

George E. Strickler, Bowling Green, Ky., for Ennis Concrete, Western Concrete, Rogers Lumber and Weibel Sheet Metal.

Keith Carwell, Bowling Green, Ky., for S. Welding, Dynaelectric Co. and Waco Steel Erectors.

Norman E. Harned, Bowling Green, Ky., for Webb Mechanical.

William J. Parker, Douglas J. Lapidus, Bowling Green, Ky., for Gen. Mtrs. and Morrison-Knudson.

Stephen L. Hixon, Bowling Green, Ky., for M & W Masonry and Atlas Metal Products.

Ray B. White, Bowling Green, Ky., for Par-Kut Int'l and Fast Elec. Contr.

Allen R. Brown, Louisville, Ky., for Am. Tile Co.

William Katzinski, Louisville, Ky., for Garceveur Corp.

Charles I. Sandmann, Louisville, Ky., for Concrete Floor Srvs.

M. Dean Stewart, Louisville, Ky., for Rite Way Equipment Co., Inc.

Carl A. Henlein, Louisville, Ky., for Brown & Kerr.

Charles R. Simpson, III, Louisville, Ky., trustee.

## MEMORANDUM

BALLANTINE, District Judge.

The debtor, Allgeier and Dyer (A & D), was awarded a portion of a contract to construct a Corvette assembly plant at Bowling Green, Kentucky. A & D financed the project by a loan from Citizens Fidelity Bank and Trust Company, assigning as security its accounts receivable. Citizens Fidelity has perfected its security interest.

On February 13, 1981, at 9:21 a.m., A & D filed the bankruptcy petition.

The issues raised on this appeal concern the determination by Bankruptcy Judge Bland, 18 B.R. 82 that the assembly plant is a public improvement contemplated by KRS 376.210; Bankruptcy Judge Bland's ruling that funds held by the city of Bowling Green were a part of the debtor's estate in bankruptcy; and, finally, whether Bankruptcy Judge Bland properly held that various liens were subject to the Trustee's avoidance power.

A threshold question raises jurisdictional issues. The crucial date is February 7, 1982, which was a Sunday. Motions to reconsider Judge Bland's ruling were filed by Western Kentucky Sheet Metal, Ennis Concrete and Western Waterproofing on February 18, 1982, eleven days after the docket entry.

R.Bankr.Proc. 802(a) provides: "The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from."

The chronology of this matter is as follows:

2/13/81    A & D filed bankruptcy at 9:21 a.m.

2/7/82    An order was entered by Bankruptcy Judge Bland holding as follows: (1) $291,000 turned over to the Trustee by the city of Bowling Green was the property of the

bankrupt's estate. (2) The construction project was a public improvement. (3) Certain statutory liens filed by lien claimants were avoidable by the Trustee, Title 11 U.S.C. Section 545(2), except that compliance with the lien statute, Chapter 376 KRS before the filing of bankruptcy would create a claim superior to that of the Trustee. (4) The trustee was to examine the liens to determine statutory compliance.

| Date | |
|---|---|
| 2/18/82 | Motions were filed by Western Kentucky Sheet Metal, Ennis Concrete and Western Kentucky Waterproofing to reconsider. |
| 2/26/82 | An order was entered by Judge Bland that a hearing be set March 15, 1982, on motions to reconsider |
| 2/26/82 | A motion to reconsider was filed by Steel Fabricators. |
| 3/17/82 | An order was entered by Judge Bland that the motions to reconsider were overruled. |
| 3/18/82 | A notice of appeal was filed by Western Waterproofing, Weibel Sheet Metal, Ennis Concrete, James P. Rogers Lumber Co. and Western Concrete. |
| 3/26/82 | The trustee filed a petition to avoid lien claims filed after 9:21 a.m. February 13, 1981, and an order was signed granting the petition. |
| 3/26/82 | Jeanes Mechanical Contractors filed a notice of appeal from the orders of 2/7/82 and 3/17/82. |
| 3/26/82 | Notice of appeal from the Order of 3/17/82 was filed by Western Waterproofing, Weibel Sheet Metal, Ennis Concrete, James P. Rogers Lumber Co. and Western Concrete. |
| 4/1/82 | Notice of appeal from the order of 3/26/82 was filed by Western Waterproofing, Weibel Sheet Metal, Ennis Concrete, James P. Rogers Lumber Co. and Western Concrete. |
| 4/5/82 | Jeanes Mechanical filed a notice of appeal from the order of 3/26/82. |
| 5/3/82 | The appeals from the 2/7 and 3/26 orders were consolidated. |

The Court notes that Judge Bland resigned his position in the Bankruptcy Court in the spring of 1982 and that for several months prior to his resignation he was working extended hours, including Sundays. We therefore assume the correctness of the February 7 date on the docket sheet.

The 10-day limitation in Rule 802(a) is jurisdictional. In *In re Enyart*, 509 F.2d 1058 (6th Cir.1975), the Court observed:

"The threshold question is whether the method for review of orders of the bankruptcy court provided in Section 39(c) of the Bankruptcy Act. 11 U.S.C. § 67(c) is exclusive.

This section permits a person aggrieved by an order of the referee to file a petition for review of the order, by a judge, within ten days after entry of the order, or within such extended time as the court, upon petition filed within such ten-day period, may for cause shown allow.

\* \* \* \* \* \*

In the present case the judgment entered by the referee on December 22, 1972 became final on June 29, 1973, on which date the referee denied the bankrupt's motion to vacate the judgment.

It was not until August 3, 1973, however, that Enyart filed a motion for an extension of time to file a petition for review. Section 39(c) required him to file such motion within ten days after June 29, 1973. The referee had no power or authority to grant such a motion.

We construed the 1960 amendment to Section 39(c) of the Bankruptcy Act in *In Re Charmar Investment Co., City Nat'l Bank & Trust Co. v. Charmer Investment Co.*, 475 F.2d 560 (6th Cir., 1973), cert. denied, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973). In that case Circuit Judge Peck, who wrote the opinion for the Court, stated:

We find that Section 39(c) of the Bankruptcy Act disposes of the claims. Amended in 1960, the Act provides that a petition for review, or a petition to extend the time for filing a petition for review, must be filed within ten days after entry of a referee's order. The 1960 amendment provided a clarification and made compulsory the ten-day limitation. It is clear that the intent was to provide finality to a referee's order unless there was timely direct attack. Since the amendment was enacted, courts have required strict compliance. Appellant has failed to file such a petition for review within the time specified. In fact the record does not reveal that any petition for review has ever been filed. An appeal to this Court cannot be substituted for a petition for review, and consequently, appellant's claims must be rejected.

[Footnotes omitted.] (*Id.,* 475 F.2d at 563–564.' " 509 F.2d at 1060.

The foregoing language compels the conclusion that the Court is without jurisdiction and the appeals of Western Waterproofing, Weibel Sheet Metal, Ennis Concrete, James P. Rogers Lumber Co. and Western Concrete must be dismissed. Since there was no timely appeal filed, the appeal of Steel Fabricators must likewise be dismissed. See also, *Matter of Robinson,* 640 F.2d 737 (5th Cir.1981).

Our inquiry does not end here however. As we have noted, an appeal has also been filed by Jeanes Mechanical Contractors (Jeanes). In that appeal Jeanes argues that it is within the saving clause of Rule 802(c):

> ". . . a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property."

The order of February 7, 1982, directed the Trustee to determine compliance with the Kentucky Mechanics Lien Statute.

Let us look back at the early date of February 13, 1981. A & D filed its bankruptcy petition at 9:21 a.m. Jeanes Mechanical filed its mechanic's lien on the same day, although after 9:21 a.m. On March 9, 1982, the Trustee notified the Court that he would move to avoid Jeanes' lien and on that same day Jeanes filed a notice of appeal from the February 7, 1982 order.

Jeanes argues persuasively that until it determined that the Trustee would move to avoid its lien, it had not been prejudiced by the ruling of Judge Bland. Jeanes argues that the ruling that filing a lien after the hour the bankruptcy petition was filed but on the same day is an overly restrictive reading of the statute and it is from this decision that Jeanes seeks to appeal.

■ We believe that Jeanes has demonstrated excusable neglect. Its counsel in good faith and in the exercise of sound professional judgment concluded that the mechanic's lien was timely filed and therefore no appeal from the February 7, 1982,

order was indicated since Jeanes' lien could not be avoided by the Trustee.

The Court will retain this matter on its docket for decision on the question of the efficacy of Jeanes' lien. In all other respects, the appeals will be dismissed for lack of jurisdiction.

An appropriate order has been entered this date.